### CLEMONS v. LIBERTY SAVINGS & REAL ESTATE CORPORATION.

### No. 6689.

Circuit Court of Appeals, Fifth Circuit.

Nov. 1, 1932.

Wallace Miller and Jas. A. Lowrey, Jr., both of Macon, Ga., for appellant.

E. P. Johnston and Charles M. Cork, both of Macon, Ga., for appellee.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

FOSTER, Circuit Judge.

Appellee was adjudged bankrupt on its voluntary petition on April 11, 1932. Appellant filed a petition to set aside the adjudication on the ground that appellee is a banking corporation within the meaning of section 4, Bankruptcy Act (11 USCA § 22) and the court therefore was without jurisdiction to adjudicate it bankrupt. From an adverse ruling this appeal is prosecuted.

Appellee has moved to dismiss the appeal on the ground that it was not allowed by a judge of this court nor presented for allowance within 30 days from the date of the judgment appealed from.

Prior to the amendment of the Bankruptcy Act of May 27, 1926, proceedings such as this were reviewed on petition to superintend and revise, under the provisions of section 24b of the act. The amendment (section 9, 11 USCA § 47(b, c) provided that the power of review should be exercised by appeal and in the form and manner of an appeal, to be taken within 30 days after judgment. The amendment was somewhat ambiguous. To clarify the practice our rule 39 was adopted. The rule is as follows: "Appeals in cases provided for in Sec. 24 (b) of the Bankruptcy Act of 1898, as amended by the Act of May 27, 1926, may be taken, subject to allowance, by filing in the District Court, within the time allowed by law, a petition for appeal addressed to this court. Proper security, as required, may be taken and citation signed by the District Judge or a Circuit Judge of this Circuit. A record, including the petition for appeal, shall be printed and made up in the form and manner, and be filed in this court on or before the return day, as provided for other appeals. The record when filed will be submitted to the court by the clerk 10 days after filing, if the court is in session, or at the next term if the court is in vacation. Within the delay allowed for presentation to the court, any party in interest may file a brief in support of or in opposition to the allowance of the appeal. If the appeal is allowed the case will be set down for hearing in the usual course of the docket. Appeals and orders from judgments not final in their nature shall not stay other proceedings in the cause except upon the order of the District Judge or a Judge of this Court."

In this case the petition for appeal was addressed to the judge of the District Court and was allowed by him on June 23, 1932, with supersedeas staying the proceedings. As the judgment appealed from was entered on June 21, 1932, the appeal was taken within 30 days. The original record was filed with the clerk at New Orleans on July 27, 1932, within 34 days after the appeal was granted. The rule was complied with in that the petition was filed with the District Court. As the record was filed in this court in vacation, the case was submitted at the next term. Our rule 14(5) provides that the transcript of appeal must be filed in the clerk's office at New Orleans in not exceeding 30 days from the date of signing the citation. Service of citation was waived as of, June 23d. It appears therefore that appellant failed to comply with the rule by addressing the petition for appeal to this court and in delaying four days in filing the transcript with the clerk. These were irregularities which may be waived as they do not affect the substantial rights of the parties. The appeal is granted. However, we now give notice that we reserve the right to strictly enforce the rule in the future.

It appears that appellee sought incorporation under the name of "Liberty Banking &

Real Estate Corporation," by filing a petition in the superior court of Bibb county, Ga. Among the powers asked for were the right to buy, sell, rent, lease, hire, develop, improve, own, control, and manage improved and unimproved real estate; to make contracts for constructing buildings; to buy, sell, and deal in stocks, bonds, promissory notes, and all kinds of choses in action; to advance or lend money to its stockholders or other persons, and to adopt a system of loans, advances, terms, and payments in installments in like manner, as to its interest charges and computations as may be done by building and loan associations under the laws of Georgia; to conduct a savings department for its members and other persons with the right to receive deposits not subject to check, and to pay interest thereon. After an amendment to the petition eliminating the word "bank" and changing the title to the "Liberty Savings & Real Estate Corporation," the superior court granted the prayer of the petition and entered an order accordingly.

■ It is contended by appellant that the business done by appellee was in all respects that of a bank and that it received deposits subject to check as an ordinary bank would do. It is suggested in argument that if appellee was not a bank de jure it was a bank de facto and the character of the business done would fix its status for the purpose of adjudication in bankruptcy. It is further suggested in argument that if not a bank the corporation was a building and loan association; and that by the amendment to the Bankruptcy Act of February 11, 1932 (11 USCA § 22), adopted before the adjudication in this case, building and loan associations were excluded from the benefits of the bankruptcy law. This last contention was not relied upon in the District Court and the amendment to the law, apparently, was not brought to the attention of the court. However, as it raises a question of jurisdiction, we must consider it.

· Under the law of Georgia, Const. art. 3, § 7, par. 18, charters of banks shall be issued and granted by the Secretary of State. The superior courts have no power to create corporations for banking, but they may incorporate building and loan associations "and other like associations" (the term "other like associations" shall include a corporation organized to do a general savings and loan business). Park's Ann. Code Ga. §§ 2823, 2878.

There is no evidence whatever in the record that would indicate that appellee did the business usually conducted by a building and loan association.

■■ A clear preponderance of the evidence shows that appellee did no banking business other than receiving savings accounts, for which they issued either pass books or certificates of deposit; that the depositors on the pass books were permitted to draw out portions of the deposit from time to time on checks. This it could not do under its charter.

It is evident that appellee was organized to do a general savings and loan business, something less than either a bank or a building and loan association. If it occasionally engaged in banking transactions, those acts were ultra vires and could not operate to make it a bank within the meaning of the Bankruptcy Law; nor was it a building and loan association. The status of a corporation is fixed by its charter. Appellee was entitled to the benefits of the bankruptcy act and the District Court had jurisdiction to adjudicate it bankrupt. Gamble v. Daniel (C. C. A.) 39 F.(2d) 447.

The record presents no reversible error. Affirmed.