In re UNION GUARANTEE & MORT-
GAGE CO.

UNION GUARANTEE & MORTGAGE CO.
v. VAN SCHAICK, Superintendent of
Insurance.

No. 298.

Circuit Court of Appeals, Second Circuit.

March 11, 1935.

Gifford, Woody, Carter & Hays, of New York City (Raymond M. White, of New York City, of counsel), for appellant.

Harry Rodwin, and Schurman, Wiley & Willcox, all of New York City (Jacob Gould Schurman, Jr., Joseph Lapidus, and Irving H. Jurow, all of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

The Union Guaranty & Mortgage Company filed a petition for reorganization under section 77B of the Bankruptcy Act (11 USCA § 207) on July 30, 1934. George S. Van Schaick, superintendent of insurance of the state of New York, appeared on August 10th and filed an answer, and, when the cause came on for trial, the judge dismissed the petition. The petitioner appeals from that decree. Van Schaick had been appointed "rehabilitator" of the debtor on August 2, 1933, in a proceeding in the Supreme Court of the state of New York under an act authorizing the superintendent of insurance to take over the assets of insurance companies for purposes of "rehabilitation" (article 11 [§ 400 et seq.], Insurance Law). The only question is whether the debtor is an insurance company within section 4 of the Bankruptcy Act, 11 USCA § 22 and section 77B, subd. (a), 11 USCA § 207 (a). It was organized under the Insurance Law of the state of New York (Consol. Laws N. Y. c. 28), and its business was to make loans secured by mortgages on real property which it sold to its customers with a guaranty. In some cases it assigned the whole mortgage; in others it kept the legal title and divided its interest into "participation certificates," which it guaranteed; but it never guaranteed the titles of the mortgaged parcels of land. Its income consisted primarily of fees charged the borrowers and of one-half of 1 per cent. of the interest accruing upon the mortgages assigned, which it reserved as a "premium." However, in addition to these, it received fees for extending mortgages as they fell due, and it retained the full interest upon its mortgages before their assignment.

The purpose of Congress in the amendment of 1910 to section 4, 11 USCA § 22, was to make a comprehensive definition with certain exceptions, rather than to enumerate the kinds of companies which were subject to bankruptcy. The purpose of the exception is not self-evident; we must infer it as best we can from such similarity as exists between the excepted groups. All except municipalities are companies for profit whose businesses are now generally regarded as "affected with a public interest"; that is to say, as touching enough persons who must deal with them at some economic disadvantage, to require public supervision and control. And municipalities are even more directly within public control. The most natural inference is that Congress meant to leave to local winding up statutes the liquidation of such companies; that, since the states commonly kept supervision over them during their lives, it was reasonable that they should take charge on their demise.

Columbia, etc., Co. v. South Carolina, 27 F. (2d) 52, 59 A. L. R. 665 (C. C. A. 4); In re Grafton G. & E. Co. (D. C.) 253 F. 668. Cf. In re Hudson River Power Co., 183 F. 701, 33 L. R. A. (N. S.) 454 (C. C. A. 2). Now it is the powers conferred upon the company, not its activities, which are decisive. Gamble v. Daniel, 39 F.(2d) 447 (C. C. A. 8); Clemons v. Liberty Savings, etc., Co., 61 F.(2d) 448 (C. C. A. 5). So far as In re Supreme Lodge of Masons Annuity (D. C.) 286 F. 180, holds otherwise it cannot be accepted. If a state enacts that companies having powers of a prescribed kind must be regulated, that is of course authoritative; and, if in addition it classes the company as a bank or a railroad or an insurer, that too should be authoritative. Kansas v. Hayes, 62 F.(2d) 597 (C. C. A. 10); Security B. & L. Ass'n v. Spurlock, 65 F.(2d) 768 (C. C. A. 9). This is true, not because Congress was bound to yield in such cases, but because otherwise its apparent purpose to leave the winding up of such companies to the state would not be effected; for the will of the state is no clearer to supervise the company than to class it as it does. When Congress excepted not all companies affected with a public interest, but specified kinds of such company, presumably it intended the states to define the kinds.

Thus we have no occasion to decide whether the debtor at bar ought not to have been incorporated under the New York Insurance Law and regulated as such, whatever such a statement could mean. Assuming that it should not, it was in fact so subject and so incorporated. The state has chosen to regard it so, and that is all we may ask. We need not therefore consider how far Bowers v. Lawyers' Mortgage Company, 285 U. S. 182, 52 S. Ct. 350, 76 L. Ed. 690, is alike on the facts. The differences are indeed only in degree; but, though they might independently be enough, a complete parallelism would be irrelevant, considering the separate purposes of the two statutes. What Congress meant by an insurance company in the income tax law has nothing to do with its meaning in the Bankruptcy Act. It is true that this makes the meaning of section 4 depend upon local laws and subjects that meaning to change as those laws change; pro tanto, Congress has delegated its power. But this is not the only instance in the Bankruptcy Act; thus exemptions are dependent upon local law, section 6, 11 USCA § 24, and so are the priorities among claims, section 64b (7), as amended, 11 USCA § 104

(b) (7). Hanover National Bank v. Moyses, 186 U. S. 181, 22 S. Ct. 857, 46 L. Ed. 1113; Stellwagen v. Clum, 245 U. S. 605, 38 S. Ct. 215, 62 L. Ed. 507. It is by no means true that Congress may in no circumstances delegate its powers to the states, provided that in the main the resulting system be uniform.

The debtor also argues that, by the stopping of the debtor's business when the superintendent intervened, it ceased to be an insurance company. It would be a curious result if the exercise of the power reserved to the state were to be the means of its extinction while it was still incomplete. The phrase in subdivision (a) of section 77B, 11 USCA § 207 (a), "provided the present operations of such corporation do not exclude it hereunder," is indeed obscure, but it cannot mean that. We agree with the superintendent that, whatever it does mean, it is attached in sense, as it is in position, to the phrase which gives power to a debtor to file a petition in a bankruptcy proceeding already pending. It immediately succeeds the phrase, "whether filed before or after this section becomes effective"; apparently it is a limitation upon that. It may, for example, be intended to exclude a case in which the company was adjudicable as a bankrupt at petition filed, but ceased to be thereafter, perhaps because its principal place of business had changed. We must own that this does not clear away the doubts; but, as we have said, blind as it is, it surely does not mean to impair the generality of the grant of jurisdiction with which the section opens.

Order affirmed.