**In re NATIONAL MORTG. CORPORATION.**

District Court, D. New Jersey.

Oct. 17, 1935.

Bilder, Bilder & Kaufman, of Newark, N. J., for debtor and Superintendent of Insurance of State of New York.

Harry H. Weinberger, of Newark, N. J., and Archibald Palmer, of New York City, for petitioning creditors.

Philip C. Wadsworth, of Paterson, N. J., for intervening certificate holders.

FAKE, District Judge.

The issues here arise on a motion to strike out the petition filed under section 77B of the Bankruptcy Act (11 U.S.C.A. § 207).

It is argued that the debtor is an insurance company and as such excluded from bankruptcy proceedings under the language of section 4 of the Bankruptcy Act (as amended 11 U.S.C.A. § 22) exempting insurance companies from its provisions.

The first allegation of the petition reads as follows: "Upon information and belief, the National Mortgage Corporation, hereinafter called the 'Debtor', was organized on October 16, 1925 under Article 5 of the Insurance Law of the State of New York as a title and credit guarantee corporation, and was authorized to transact business on October 20, 1925. The Debtor is a commercial corporation and is not a municipal, railroad, insurance or banking corporation or a building and 'loan association, as the terms are used in the National Bankruptcy Act of 1898 as amended. The Debtor is a corporation which could file a petition for reorganization pursuant to Section 77A and 77B as amended and pursuant to Section 4 of the Bankruptcy Act."

We will pass over any objections which may be raised as to repugnancy in the foregoing allegation and deal with it in the light of all the other allegations contained in the petition. So construing it then, we apprehend that the pleader in effect says that while the debtor is incorporated under the insurance laws of New York (Consol.Laws N.Y. c. 28) authorizing corporations so incorporated to engage in the insurance business, yet this debtor corporation is a commercial corporation and not an insurance company because it "has never engaged in the business of insurance * * * within the meaning of that expression as used in the National Bankruptcy Act. * * *"

The second paragraph of the petition alleges that each of the three petitioners holds mortgage certificates "guaranteed by the Debtor herein," said certificates being collaterally secured by a mortgage or

mortgages. In paragraph 7 under the heading "liabilities," it is disclosed that the debtor has guaranteed approximately $5,347,000 of similar obligations. This raises the question as to whether or not the issuing of such certificates so guaranteed is insurance business within the meaning of the Bankruptcy Act.

There can be no question but that under the insurance law of the state of New York (whereunder the debtor is incorporated) such guaranty corporations are dealt with as insurance companies. The act is entitled "An Act in relation to insurance corporations, constituting chapter twenty-eight of the consolidated laws." Article 5 of which is entitled "Title and Credit Guaranty Corporations," and section 170 thereof refers to such corporations as the debtor and authorizes them to "invest in, purchase and sell, with or without guaranty, or guarantee the payment of the same without purchase" of obligations secured by mortgage, such corporation to be known as "a title and mortgage guaranty corporation." Section 173, in providing for the investment of the capital of such corporations, says it "shall be invested in the same kind of securities as is required * * * of other insurance corporations incorporated under this chapter."

The petition also states that on January 28, 1928, the debtor was licensed to do business in the state of New Jersey "pursuant to the requirements of the Insurance Laws of the State of New Jersey."

Schedule B annexed to the petition discloses that upon a petition being presented to the Supreme Court of the state of New York, the Honorable Alfred Frankenthaler, Justice of the Supreme Court of that state made an order directing the Superintendent of Insurance of New York to take possession of debtor's property and rehabilitate the same. From all of which it follows that the insurance authorities of the states of New York and New Jersey have considered the debtor an insurance company for some years.

We must now further decide from the pleading before us whether or not its disclosures are such as to bring the debtor within section 4 of the Bankruptcy Act as amended (11 U.S.C.A. § 22).

A pleading must be construed most strongly against the pleader. Here, we find the pleader alleging that debtor "nev-er engaged in the business of insurance." This, it should be noted, is a general allegation and must fall in view of the specific allegations alleging the issuance of guaranteed certificates if such guarantees are in the nature of insurance as contemplated by section 4 of the Bankruptcy Act. However, in view of the decision of the Circuit Court of Appeals in Union Guarantee & Mortgage Co. v. Van Schaick, Superintendent of Insurance, 75 F.(2d) 984, we will not enlarge further on this point, but will follow the following rulings in that case expressed as follows:

"The purpose of Congress in the amendment of 1910 to section 4, 11 U.S.C.A. § 22, was to make a comprehensive definition with certain exceptions, rather than to enumerate the kinds of companies which were subject to bankruptcy. The purpose of the exception is not self-evident; we must infer it as best we can from such similarity as exists between the excepted groups. All except municipalities are companies for profit whose businesses are now generally regarded as 'affected with a public interest'; that is to say, as touching enough persons who must deal with them at some economic disadvantage, to require public supervision and control. And municipalities are even more directly within public control. The most natural inference is that Congress meant to leave to local winding up statutes the liquidation of such companies; that, since the states commonly kept supervision over them during their lives, it was reasonable that they should take charge on their demise. Columbia, etc., Co. v. South Carolina, 27 F.(2d) 52, 59 A.L.R. 665 (C.C.A. 4); In re Grafton G. & E. Light Co. (D.C.) 253 F. 668. Cf. In re Hudson River Power Co., 183 F. 701, 33 L.R.A.(N.S.) 454 (C.C.A.2). Now it is the powers conferred upon the company, not its activities, which are decisive. Gamble v. Daniel, 39 F.(2d) 447 (C.C.A.8); Clemons v. Liberty Savings, etc., Co., 61 F.(2d) 448 (C.C.A.5). So far as In re Supreme Lodge of Masons Annuity (D.C.) 286 F. 180, holds otherwise it cannot be accepted. If a state enacts that companies having powers of a prescribed kind must be regulated, that is of course authoritative; and, if in addition it classes the company as a bank or a railroad or an insurer, that too should be authoritative. Kansas v. Hayes, 62 F.(2d) 597 (C.C.A.10); Security B. & L. Ass'n v. Spurlock, 65 F.(2d) 768 (C.C.A. 9). This is true, not because Congress

was bound to yield in such cases, but because otherwise its apparent purpose to leave the winding up of such companies to the state would not be effected; for the will of the state is no clearer to supervise the company than to class it as it does. When Congress excepted not all companies affected with a public interest, but specified kinds of such company, presumably it intended the states to define the kinds.

"Thus we have no occasion to decide whether the debtor at bar ought not to have been incorporated under the New York Insurance Law and regulated as such, whatever such a statement could mean. Assuming that it should not, it was in fact so subject and so incorporated. The state has chosen to regard it so, and that is all we may ask."

My conclusion, therefore, is that the debtor herein is an insurance company within the meaning of section 4 of the Bankruptcy Act.

An order will be entered dismissing the petition.