Sam G. Bratton, Doerner, Stuart, Saunders, Daniel & Anderson, Tulsa, Okl., for successor trustee.

Robert S. Rizley, Tulsa, Okl., for Wesley R. McKinney.

**In re REPUBLIC FINANCIAL CORPORATION, an Oklahoma Corporation, Debtor.**

**Wesley R. McKINNEY, Appellant,**

**v.**

**Jack D. JONES, Trustee, Appellee (Two Cases).**

**In re REPUBLIC TRUST & SAVINGS COMPANY, an Oklahoma Trust Company, Debtor.**

Bankruptcy Nos. 84–01460, 84–C–01461. Nos. 86–C–77–B, 86–C–312–B.

United States District Court, N.D. Oklahoma.

March 19, 1987.

### ORDER

BRETT, District Judge.

The Court now has before it Wesley R. McKinney's appeal from two Orders of the United States Bankruptcy Court for the Northern District of Oklahoma, filed on January 17, 1986, and March 20, 1986, 59 B.R. 606, respectively, denying McKinney's motions to dismiss the Chapter 11 proceedings of Republic Financial Corporation ("RFC") and Republic Trust & Savings ("RTS") on the grounds that the bankruptcy court lacked subject matter jurisdiction. On appeal a district court may set aside a bankruptcy court's findings of fact only if they are clearly erroneous. Bankruptcy Rule 8013. Appellant asserts that the bankruptcy court's findings are clearly erroneous and that the court did not have jurisdiction over RFC or RTS because RFC and RTS are "banks" and therefore exempt as debtors under 11 U.S.C. § 109.

Title 11 U.S.C. § 109(b) provides that: A person may be a debtor under Chapter 7 of this title only if such person is not—

. . . .

(2) a domestic insurance company, bank, savings bank, cooperative bank, savings & loan association, building & loan association, homestead association, credit union, or industrial bank or similar industrial bank or similar institution which is an insured bank as defined in 3(h) of the Federal Deposit Ins. Act 12 U.S.C. § 1818(h); . . . .

. . . .

(d) Only a person that may be a debtor under Chapter 7 of this title, except a stockbroker or a commodity broker, and a railroad may be a debtor under Chapter 11 of this title.

No specific definitions of these terms being given in the Bankruptcy Code, the bankruptcy court considered the legislative history of the Bankruptcy Code, the plain meaning of the statutory language, and other case law construing this statute, and rejected McKinney's argument that RFC and RTS are banks within the meaning of § 109(b).

Having examined the briefs on appeal, the record from the bankruptcy court and relevant legal authority, the Court finds that Judge Wilson's findings are not clearly erroneous and that the court's conclusions concerning bankruptcy eligibility are supported by legal authority.

The term "bank" as used in 11 U.S.C. § 109(b) is not defined in the Bankruptcy Code. Prior to the enactment of the Bankruptcy Code, § 4(a) of the Bankruptcy Act of 1898, as amended by the Chandler Act, provided that "[a]ny person, except. . . . a banking corporation. . . . shall be entitled to the benefits of this Act as a voluntary bankrupt." The term "banking corporation" was left undefined.

With the creation of the Bankruptcy Code, the term banking corporation used in § 4(a) of the Act was replaced in § 109 by a list of financial institutions which are ineligible for bankruptcy relief. Once again, however, the terms used in § 109 were not defined in the Code.

To resolve issues of ineligibility under § 109, the courts have employed two separate but related tests. The first test is generally known as the "state classification test" under which the court examines the entity's classification under the law of the state of incorporation. If it is classified as one specifically exempt under § 109(b)(2), then no further inquiry is required. If the entity is not specifically classified as one exempt under § 109, then the court examines the powers conferred on or withheld from the entity with the powers of those entities specifically exempted under § 109. See, In re Cash Currency, Inc., 762 F.2d 542 (7th Cir.1985); First American Bank & Trust Co. v. George, 540 F.2d 343 (8th Cir.1976), cert. denied, 429 U.S. 1011, 97 S.Ct. 634, 50 L.Ed.2d 620; In re Central Mortgage & Trust, Inc., 50 B.R. 1010 (S.D. Tex.1985).

The second test for § 109 exemption is referred to as the "independent classification test" whereby the court, on its own, construes § 109. See, In re Cash Currency, Inc., supra; 2 Collier on Bankruptcy ¶ 109.02 (15th Ed.1985).

The bankruptcy court in this case additionally considered available alternate relief in determining whether bankruptcy proceedings were a satisfactory method of reorganizing or liquidating the RFC and RTS as compared to other available state and/or federal non-bankruptcy methods of reorganization and liquidiation.

Applying these tests the bankruptcy court found that neither RTS nor RFC was exempt under § 109.

With regard to the state classification test the court first turned to the definition of "bank" and "trust company" under the Oklahoma Banking Code. 6 O.S. §§ 101 et seq. "Bank" is defined in the Code as "any bank authorized by the laws of the state to engage in the banking business" and "trust company" is defined as "any person doing a trust company business as set forth in this code and the trust department of banks authorized to engage in the trust company business." 6 O.S. § 102A, K.

The bankruptcy court correctly noted the distinction made under Oklahoma law between banks and banking business and

trust companies and trust company business. Turning to the statutory definitions of banking business and trust company business, the bankruptcy court emphasized that Oklahoma law authorizes banks to receive general deposits of money and to buy, discount or negotiate (but not issue) evidences of debt. 6 O.S. § 402(A)(10). Trust companies, on the other hand, are only authorized to accept deposits of trust money or personal property and to *issue* evidences of debt. 6 O.S. § 1001A(1), (22).

Appellant argues that because RFC and RTS engaged in banking business as set forth in the Oklahoma Banking Code they should be considered banks. The bankruptcy court rejected this argument and this court finds the reasoning behind the rejection to be sound.

As the Tenth Circuit explained in *State of Kansas v. Hayes*, 62 F.2d 597, 600 (1933):

> [I]t is unquestionably true that the *investing* of a corporation with banking powers makes it a bank, no matter by what name it is called. Calling an institution a bank does not make it a bank in legal contemplation *if it is not given the powers of a bank.* And conversely, calling an institution a trust company does not prevent its being a bank within the meaning of the law, if it *possesses* and exercises all the powers of a bank. *The only way to create a bank is to give it the powers of a bank* (emphasis added).

Oklahoma law distinguishes between the powers and activities of a bank and those of a trust company. RFC was not chartered as a bank as required under Oklahoma law nor was it registered as a bank with the Oklahoma Banking Commission or authorized to engage in the banking business. RTS was chartered as a trust company, not as a bank. RTS was not authorized under Oklahoma law to engage in the banking business. Therefore, RFC and RTS should not be classified as banks under the Oklahoma Banking Code.

Under the independent classification test, the bankruptcy court again examined and compared the powers of a bank with those of a trust company. The court correctly stated that an entity cannot be a bank unless it is authorized to do banking business. RFC and RTS were not so authorized. The assertion that RFC and RTS did, in fact, engage in the banking business does not render them banks. Ultra vires operations do not control bankruptcy eligibility. *Clemons v. Liberty Savings & Real Estate Corp.*, 61 F.2d 448, 450 (5th Cir. 1932).

The power to accept general deposits is an essential attribute of a bank. In the seminal case of *Gamble v. Daniel*, 39 F.2d 447 (8th Cir.), *cert. denied*, 282 U.S. 848, 51 S.Ct. 27, 75 L.Ed. 752 (1930), the Eighth Circuit interpreted "banking corporation" under § 4(a) of the Bankruptcy Act as follows:

> [In 1910, at the time of the adoption of the "banking corporation" exception], the ordinary conception of a bank was of a business which was based primarily on the receipt of deposits (general or special), which deposits were used by the bank for loans, discounts, buying and selling commercial paper, and other business purposes.... The prime incentive in engaging in the business was the profit to be made, directly or indirectly, from the use of deposits. Most of the then existing state legislation concerning banks had as its principal purpose the protection of such depositors. Much of the right to regulate banks was the public interest in protecting depositors. Banking has been a development, and the above was its status in 1910. Other businesses might and did, and still do, deal in commercial paper, make loans or borrow money without any one thinking of them as banks. When a business takes deposits and then does the above or related things, every one knows it is doing a banking business. * * * In short, while there may be other attributes which a bank may possess, yet a necessary one is the receipt of deposits which it may use in its business.

39 F.2d 450–51.

The *Gamble* court considered a trust company's claim of ineligibility under the Bankruptcy Act, and held that although the

trust company had nearly all the powers generally exercised by a bank, the company's inability to accept deposits precluded it from being considered a "banking corporation" within the meaning of the Bankruptcy Act. Numerous other courts have held that an entity is not a bank unless it has the power to receive deposits. *See, In re Prudence Co.,* 79 F.2d 77 (C.A.2 1935), *cert. denied,* 296 U.S. 646, 56 S.Ct. 248, 80 L.Ed. 459 (1935); *Clemons v. Liberty Savings & Real Estate Corp., supra; In re Central Mortgage & Trust, Inc., supra; In re Cash Currency Exchange, Inc., supra.*

In light of the above, the bankruptcy court's determination that because RFC and RTS lacked the authority to accept deposits of money they could not be considered as banks is fully supported by case law.

The court similarly rejected RTS's assertion that it is an "industrial bank or institution", stating that even if RTS were an "industrial bank or similar institution", § 109 only excludes an "industrial bank or similar institution which is an insured bank as defined in section 3(h) of the Federal Deposit Insurance Act (12 U.S.C. § 1813(h). . . ." RTS is not insured as defined in 12 U.S.C. § 1813(h), therefore, it would not be exempt under § 109 as an industrial bank.

Employing the Alternate Relief Test, the bankruptcy judge held that the existence of some other state or federal liquidation procedure does not necessarily render an entity ineligible for bankruptcy relief, and that although Oklahoma trust companies may be reorganized in some methods provided for banks, 6 O.S.A. § 1021, Chapter 11 Bankruptcy was a satisfactory reorganization method for RTS.

This court having found that the decisions of the bankruptcy court regarding the eligibility of RFC and RTS for Chapter 11 relief are supported by relevant statutory and case law, it is hereby ordered that Wesley R. McKinney's consolidated appeals in this matter be denied.