[L. A. No. 1094. Department Two.—September 28, 1903.]

STEPHEN F. HENRY et al., Respondents, v. VINELAND IRRIGATION DISTRICT et al., Respondents; C. G. KELLOGG, Administrator, etc., Intervener, Appellant.

ACTION—DISMISSAL BY PLAINTIFFS—INTERVENTION.—Where the answer consists of a mere denial of the allegations of the complaint, and no affirmative relief is sought by the defendant, by way of answer or cross-complaint, and a petition in intervention is merely for the purpose of resisting the plaintiff's claim, the plaintiff has the right to dismiss the action, both as against the defendant and the intervener.

APPEAL from a judgment of the Superior Court of Los Angeles County dismissing an action. N. P. Conrey, Judge.

The facts are stated in the opinion.

Leon F. Moss, for Appellant.

Edwin Baxter, Flint & Barker, and Rusk Harris, for Plaintiffs-Respondents.

Works & Lee, for Defendants-Respondents.

COOPER, C.—This appeal is by the intervener from a judgment dismissing the action. The complaint alleges that plaintiffs are severally the owners of different tracts of land in Vineland Irrigation District, in the county of Los Angeles; that assessments for taxes were levied on the said lands in the years 1893 and for each succeeding year to and including 1898, the lands sold for taxes and bought in by said district at tax-sales; that the assessments were made for the purpose of raising money for the payment of interest on certain bonds issued by the district, and that the bonds are void for certain reasons therein stated; that the assessments upon, and sales of, the lands described in the complaint were irregular and void. Judgment was accordingly prayed that the assessments and sales of the said lands be declared void, and that defendant be enjoined from issuing certificates of

sale or other evidences of title to said lands, and that the said
bonds of said district be declared void. The defendant by its
answer denied the principal allegation of the complaint. The
intervener filed his complaint in intervention, alleging that
his intestate was at the time of his death the owner of certain
bonds of said district upon which the interest was delinquent;
that certain proceedings were had in regard to levying the
assessments upon the lands described in the complaint and the
sales thereunder, which, it is claimed, showed the assessments
and sales to be valid. The intervener also alleged that the
bonds of the district were valid, and set forth certain judg-
ments by which it was claimed that their validity was duly ad-
judicated. When the case was called for trial, the court, upon
plaintiffs' motion, dismissed it, and judgment of dismissal
was accordingly entered. It is provided in section 581 of the
Code of Civil Procedure that an action may be dismissed
"by the plaintiff himself, by written request to the clerk,
filed among the papers in the case, at any time before trial,
upon payment of costs; provided, a counterclaim has not been
made, or affirmative relief sought by the cross-complaint or
answer of the defendant." In this case no affirmative relief
was sought by the answer, nor by any cross-complaint by
defendant. Nor was any question raised as to the payment
of costs. Therefore, that the action was correctly dismissed
as between plaintiffs and defendant there can be no question.
But the appellant had filed his complaint in intervention,
and claims that he had the right to have the case proceed for
the purpose of having the issues made by the complaint in in-
tervention determined. Any person may, before the trial,
intervene in an action or proceeding, who has an interest in
the matter in litigation, in the success of either of the parties,
or an interest against both. The intervener may join the
plaintiff in claiming what is sought by the complaint, or unite
with the defendant in resisting the claims of the plaintiff,
or by demanding anything adversely to both plaintiff and
defendant. (Code Civ. Proc., sec. 387.) In this case the
complaint in intervention was for the purpose of resisting
the claims of the plaintiffs. If the claims made by the plain-
tiffs were defeated, the ends and purposes of the intervention
were accomplished. It is contended by appellant that he

had a right to proceed with the litigation, and to have a judgment upon the merits; but we cannot see anything that the intervener could accomplish by a judgment upon the merits that was not accomplished by a dismissal of the action. The complaint in intervention prayed that plaintiffs take nothing by their complaint. They have taken nothing by their complaint. It prayed that the bonds held by intervener be declared valid. The complaint being dismissed, no one is here questioning the validity of such bonds. It asked that the assessment set forth in the complaint be declared legal, and that the Vineland Irrigation District is entitled to deeds to the lands described in the complaint as sold for taxes. The plaintiffs having withdrawn their complaint as to the assessment, their legality is not questioned, and the law in such cases gives the district the right to deeds. If the district is entitled to deeds, it will be presumed that they will be issued. Thus all the relief that could properly have been awarded to the intervener if the litigation had proceeded is now assured to him by the judgment of dismissal. It has been held here that in an action of ejectment, where the defendant pleaded the general issue and set up title in himself, the allegation of title in himself is wholly immaterial (*Bruck* v. *Tucker*, 42 Cal. 346); that in an action of ejectment a cross-complaint to quiet defendant's title is unnecessary. (*Mills* v. *Fletcher*, 100 Cal. 142; *Miller* v. *Luco*, 80 Cal. 257.) In a case very much like the one at bar (*People* v. *Perris Irrigation District*, 132 Cal. 291), in which the interveners appeal, it was said concerning their pleadings: "Although their pleadings are termed complaints, they are in effect answers to the complaint of the plaintiff. They were permitted to intervene upon the claim that they had an interest in the success of the defendant and against the plaintiff, and, in addition to their denials of the allegations in the complaint, their pleadings contained only new matter in defense of the defendant's right, which, under section 462 of the Code of Civil Procedure, is deemed controverted by the plaintiff." So we hold in this case,—that intervener became a party for the purpose of resisting, with defendants, the claims of the plaintiffs. The plaintiffs by dismissing their action ceased their claims, and thereafter there was nothing to resist. If inter-

vener is entitled to have the deeds executed to the district, or to have assessments made for the purpose of paying his bonds, he must seek relief in a different proceeding.

The judgment should be affirmed.

Haynes, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is affirmed.

Henshaw, J., Lorigan, J., McFarland, J.