[Civ. No. 325. Second Appellate District.—May 24, 1907.]

CHARLES Z. S. TOWNSEND, Respondent, v. PHILIP S. DRIVER et al., Defendants. SAN DIEGO REALTY COMPANY et al., Interveners, Appellants.

ACTION TO QUIET TITLE—INTERVENTION—TITLE CLAIMED BY INTERVENERS—EFFECT OF ORDER.—An action to quiet title is one for the recovery of real property; and an order of the superior court granting leave to interveners, who claim title against the plaintiff to intervene, determined that the interveners had an interest in the matter in litigation.

ID.—RIGHTS OF INTERVENERS—PROCEDURE AND REMEDIES OF DEFENDANTS.—Under section 387 of the Code of Civil Procedure, such interveners were entitled as parties to avail themselves of all the procedure and remedies to which the defendants were entitled for the purpose of defeating the action or resisting the plaintiff's claims.

ID.—ADVERSE INTEREST—POSITION OF INTERVENERS.—Where the interveners claimed the exclusive title and served their complaint in intervention upon all parties, their claim to the subject matter is an interest adverse both to the plaintiff and to defendants; but as against the plaintiff, they occupy under the law the position of plaintiffs in intervention uniting with defendants in the cause in resisting the demands of the plaintiff in the cause.

ID.—INACTION OF DEFAULTING DEFENDANTS—INTERVENERS NOT PREJUDICED.—The inaction of the defendants in permitting their default does not preclude the interveners from their relief.

ID.—RIGHT OF PLAINTIFF TO DISMISS—DISMISSAL AGAINST INTERVE-
NERS—RELIEF AGAINST DEFENDANTS.—Where it appears that the
only relief sought by the interveners was that plaintiff take nothing
and that interveners recover costs, the plaintiff had the right com-
pletely to dismiss the action against all of the defendants, and the
interveners; but where he did not elect to do so, he had no right to
dismiss the action as to the interveners only, and then proceed to
take the relief sought against the other defendants, without dispos-
ing of the issues raised by the complaints in intervention, where the
order allowing the intervention had not been set aside.

ID.—ERRONEOUS REFUSAL TO VACATE JUDGMENT.—Where the partial
dismissal against the interveners was by action of the plaintiff only,
and not by order of the court, the court erred in refusing an appli-
cation of the interveners to set aside the judgment against the
defendants, because notice of the hearing was not served upon the
interveners nor waived by them.

ID.—RECITAL IN JUDGMENT—DISMISSAL BY PLAINTIFF—ORDER OF
COURT NOT PRESUMED.—Where the judgment entered recited that
the action as to the interveners was dismissed by plaintiff, and
does not purport to make any order or direction upon the part of
the court, the doctrine of intendment in favor of the judgment
cannot be carried to the extent of presuming that done by the
court which it expressly declares to have been done by the plain-
tiff.

ID.—LIMITED POWER OF COURT AS TO DISMISSAL—TRIAL UPON MERITS.—
The court has no other power of dismissal, either as an entirety
or as against parties, except as authorized by section 581 of the
Code of Civil Procedure. In all other cases the action must be
tried upon its merits. An order dismissing the action as to the
interveners would be unauthorized.

APPEAL from a judgment of the Superior Court of San
Diego County, and from an order denying a new trial. N.
H. Conklin, Judge.

The facts are stated in the opinion of the court.

Collier, Smith & Hoff, for Interveners, Appellants.

Mills & Hizar, for Respondent.

ALLEN, P. J.—Appeal from a judgment quieting title
and from an order denying motion to vacate such judgment.

Plaintiff filed his complaint under section 738, Code of
Civil Procedure, for the purpose of determining adverse
claims to certain described real estate. To this complaint ap-

pellants were not made parties, but the court by its order, good cause appearing, granted appellants leave to intervene, which they did by filing their several complaints in intervention, denying plaintiff's ownership of the premises, or that he was in possession or entitled to possession thereof; and each complaint in intervention alleging further that interveners were the owners and entitled to possession of specified portions of the lands described in the complaint. Thereupon the attorneys for plaintiff filed in the clerk's office a written direction to the clerk to enter a dismissal of the action as to certain named defendants, in which appears the names of interveners. Afterward, and without notice of any character to interveners, the court ordered the default of certain defendants not included in the order of dismissal to be entered and gave judgment against such defendants, wherein the court decreed that plaintiff was the owner and in possession, and entitled to the possession, of all the premises in the complaint described and quieted plaintiff's title therein; in which judgment it is recited that plaintiff, appearing by his attorneys, dismissed as to defendants (naming those mentioned in the direction to the clerk). But in neither the order to the clerk nor the judgment are interveners designated as such; nor does it appear that any order was made by the court vacating its order granting leave to intervene, unless the recital in the judgment of the action of the attorneys be construed as such order.

Interveners, within due time, moved the court to vacate and set aside its judgment, because no notice of the trial of the action was given interveners or their attorneys, which motion was denied and said judgment duly entered in the judgment-book; from which judgment, and from the order refusing to vacate the same, appellants duly appeal upon a bill of exceptions.

The action to quiet title is one for the recovery of real property. (*South Tule etc. Ditch Co. v. King,* 144 Cal. 455, [77 Pac. 1032].) The real property so sought to be recovered is, therefore, the subject matter of such action. The order of the superior court granting leave to intervene determined that interveners had an interest in the matter in litigation, and under section 387, Code of Civil Procedure, were entitled as parties to avail themselves of all of the procedure and remedies to which the defendants were entitled

for the purpose of defeating the action or resisting plaintiff's claim. (*People* v. *Perris Irr. Dist.*, 132 Cal. 290, [64 Pac. 399, 773].)

It appears from the bill of exceptions that interveners served and filed their complaints, setting forth the grounds upon which their intervention rested, due service of which is certified in the bill, which must be accepted as service upon all parties to the action, as required by section 387, Code of Civil Procedure, and the claim to the subject matter is an interest adverse to both plaintiff and defendants. · The only relief sought, however, by these complaints in inter-vention was that plaintiff take nothing and that interveners recover costs. Under the law, their position was thereafter that of "plaintiff in intervention, uniting with the defend-ant in the cause in resisting the demands of plaintiff in the cause." (*St. Charles R. R. Co.* v. *Fidelity etc. Co.*, 109 La. 491, [33 South. 574].) The inaction of the defendants in permitting their default does not preclude intervener from his relief. (*People* v. *Ferris Irr. Dist.*, 132 Cal. 290, [64 Pac. 399, 773].) That plaintiff in such action may dismiss the same, where the relief sought by interveners is only "that plaintiff take nothing," is determined in *Henry* v. *Vine-land Irr. Dist.*, 140 Cal. 377, [73 Pac. 1061] ; the reason assigned is that "by a complete dismissal of the action plain-tiff has consented to take nothing and thereby the ends of the intervention are accomplished." But in this case plain-tiff does not so elect, but seeks to maintain his action against certain defendants and proceeds to judgment against them, and by such judgment takes the relief sought. After the court has determined by its order that a party has an inter-est in the subject matter of a suit and should be permitted to litigate such interest therein, it is not within the power of the plaintiff, either under the provisions of section 581, Code of Civil Procedure, or otherwise, to annul such order of the court by dismissing the action as to such parties, and unless the court vacates the order permitting intervention, the plaintiff, so long as he seeks relief under the action, must meet such issues raised by the complaints in intervention. There is nothing in the record to justify the conclusion that the court vacated its original order permitting intervention. The dismissal was directed by the plaintiff, and the judg-

ment only purports to recite such action on the plaintiff's part and does not purport to make any order or direction upon the part of the court. The doctrine of intendment in favor of a judgment cannot be carried to the extent of presuming that done by the court which it directly declares to have been done by a party to the action. Nor could the court, under our practice, dismiss an action, either as an entirety or as against parties, except as authorized by section 581 of the Code of Civil Procedure. Any judgment of the court not authorized by that section must be upon merits. (Code Civ. Proc., sec. 582.) Hence, were we to construe the language of the recital in the judgment as an attempt upon the part of the court to order a dismissal as to the interveners it would be unauthorized. There is nothing in *Alpers* v. *Bliss,* 145 Cal. 571, [79 Pac. 171], establishing a different proposition. Interveners then being parties by authority and the action still pending, and no order of the court being entered vacating the former *ex parte* order permitting intervention, and the issues of fact tendered by the complaints in intervention being still undetermined, the court could not hear and determine such issues in the absence of the adverse parties without the five days' notice prescribed by section 594, Code of Civil Procedure, unless such notice was waived by the interveners directly, or some act amounting to a waiver is made to appear. There is nothing in the record indicating notice or waiver thereof upon the part of the interveners.

The court erred in refusing to vacate said judgment so rendered, and in entering a judgment granting the relief to plaintiff before the issues of fact were heard and determined.

It is ordered that the order refusing to vacate the judgment and the judgment so entered be reversed and the cause remanded for further proceedings.

Shaw, J., and Taggart, J., concurred.