## HARRIS TRUST & SAVINGS BANK v. CHICAGO RYS. CO. et al.

District Court, N. D. Illinois, E. D. November 3, 1927.

No. 6839.

1. **Corporations ⟪506—Stockholder, attempting to intervene in corporate litigation, must disclose unsuccessful efforts to secure action on part of directors or trustees.**

When a stockholder attempts to intervene in litigation to which corporation is party, first requisite is that he shall disclose his efforts to secure such action as he desires on part of the managing directors or trustees of the corporation, and causes of his failure to obtain such action.

2. **Parties ⟪44—Application of holders of participation certificates to intervene in receivership denied, where trustees were not parties, and no request of them to act is shown to have been made.**

Application of holders of participation certificates for leave to file intervening petition in recivership proceedings will be denied, where petition does not show that request has been made of trustees under deposit agreement to secure action desired, and trustees are not parties to application, nor has notice been given to them, and no facts are stated showing that trustees have disabled themselves from performing duties required under deposit agreement.

**3. Parties ☞35—Party seeking to maintain suit because of refusal of another in whom right exists must make such other party.**

Where a party relies on his right to maintain a suit because of fraudulent refusal of person in whom right of action exists, it is essential that that person be a party to litigation.

**4. Parties ☞44—Petition for intervention in receivership proceeding, containing patent misstatements of facts, cannot be received.**

A sworn petition for leave to intervene in a receivership proceeding, which contains misstatements of facts contradicted by the transcript in the receivership proceedings, shown by the court records, and known to the court, cannot be received.

In Equity. Suit by the Harris Trust & Savings Bank, trustee, against the Chicago Railways Company and others, wherein a receiver was appointed. On application of Orville E. Babcock and others for leave to file intervening petition. Application denied.

Henry S. Robbins, of Chicago, Ill., for Orville E. Babcock et al.

Tenney, Harding, Sherman & Rogers, of Chicago, Ill. (Horace Kent Tenney, of Chicago, Ill., of counsel), for Harris Trust & Savings Bank.

Harold Smith, of New York City, and Sidney C. Murray, of Chicago, Ill., for Westinghouse Electric & Mfg. Co.

Charles S. Babcock, of Chicago, Ill., for Chicago Rys. Co.

Weymouth Kirkland and James M. Sheean, both of Chicago, Ill., for receivers of Chicago Rys. Co.

David O. Dunbar and Daniel J. Schuyler, both of Chicago, Ill., for trustee under consolidated mortgage.

Edwin H. Cassels and David O. Dunbar, both of Chicago, Ill., for trustee under purchase-money mortgage.

Pam & Hurd, of Chicago, Ill., for trustee under income adjustment mortgage.

Samuel A. Ettelson, Corp. Counsel, of Chicago, Ill., for city of Chicago.

WILKERSON, District Judge. Orville E. Babcock et al., apply for leave to file an intervening petition. They are holders of participation certificates of series No. 1, which are subject to the deposit agreement considered in Thatcher v. Chicago Railways Co. (C. C. A. 7) 4 F. (2d) 63, and Babcock v. Chicago Railways Co., 325 Ill. 16, 155 N. E. 773.

[1] When a stockholder attempts to intervene in litigation to which the corporation is a party, the first requisite is that he shall disclose his efforts to secure such action as he desires on the part of the managing directors or trustees of the corporation and the causes of his failure to obtain such action. Continental & Commercial Trust & Savings Bank v. Allis-Chalmers (D. C.) 200 F. 600, 611; Guaranty Trust Co. v. Chicago, M. & St. P. Ry. Co. (D. C.) 15 F. (2d) 434, 435, 436, 440.

[2] Petitioners here are not even stockholders. Their status is defined in Babcock v. Chicago Railways Co., supra. The deposit agreement gives them an interest in what may be received as dividends, etc., by the depositaries who have the legal title to the stock. The certificate holders also have the privilege of direction to the stockholders, and this is the method provided for controlling the acts of the stockholders. The participation certificates were not issued as evidence of stock ownership, and the holders of such certificates are not entitled to elect the directors of the Railways Company and control its affairs, except by the method provided.

The petition does not show that request has been made of the trustees to secure the action desired by the applicants. Nor are facts stated which show that the trustees, by fraudulent conduct or otherwise, have disabled themselves from performing the duties which they alone may perform under the deposit agreement. Complaint is made that about four years ago the trustees refused to furnish a list of certificate holders to the applicants. It was held in the Babcock Case, supra, that the trustees were not obliged to furnish such list. The rulings of the Supreme Court in the Babcock Case as to the construction of the deposit agreement are in harmony with the rulings of the Circuit Court of Appeals of this circuit in the Thatcher Case.

[3] The trustees under the deposit agreement are not parties to this proceeding. Notice has not been given to them of this application. Demand has not been made upon them to take the action which the applicants claim should be taken. Where a party relies upon his right to maintain a suit because of the fraudulent refusal of the person in whom the right of action exists, it is essential that that person be a party to the litigation. This is true not only because of the rule of common fairness securing him an opportunity to be heard before a court of equity denounces his conduct as fraudulent, but because, if the right of action is in him, the adjudication must cover it by having him before the court. The applicants here ask the court to convict the trustees under the deposit agreement of fraud without a hearing.

As to the averments of the petition relative to the creditor's suit in which the receivers were first appointed, it is sufficient to refer to Metropolitan Railway Receivership, 208 U. S. 90, 109–111, 28 S. Ct. 219, 52 L. Ed. 403; Dickerman v. Northern Trust Co., 176 U. S. 181, 189, 190, 20 S. Ct. 311, 44 L. Ed. 423; Field v. Kansas City Refining Co. (C. C. A.) 9 F. (2d) 213, 215. The receivership now is under the foreclosure bill of the Harris Trust & Savings Bank, and the petition does not charge misconduct in connection with the institution and prosecution of that suit.

[4] The petition charges that Henry A. Blair and the attorneys of the Railways Company caused a collusive judgment to be entered against the company and an execution to be returned "No property found," and that the attorneys for the company requested the appointment of John J. Mitchell, Henry A. Blair, and Frederick H. Rawson as receivers. The records of this court show that there was no such judgment and execution. The averment as to the request for receivers is contradicted by the transcript of the proceedings in which the receivers were named. The effect of this is to make it impossible for the court to give weight to the oath attached to the petition. A sworn petition, which contains such misstatements of facts, shown by the court records and known to the court, cannot be received.

The clerk will be directed to return the petition to counsel for the applicants.