## In re PACIFIC STATES SAVINGS & LOAN CO.

### No. 33662–Y.

District Court, S. D. California, Central Division.

June 10, 1939.

John L. Mace, of Los Angeles, Cal., for debtor.

Guy R. Crump, of Los Angeles, Cal., for building and loan commissioner.

John R. Layng, Franz R. Sachse, and John C. Campbell, all of Los Angeles, Cal., for A. K. McRaie et al.

Hugo H. Harris, David E. Field, and R. W. Katerndahl, all of Los Angeles, Cal., for Eggert et al.

YANKWICH, District Judge (after stating facts as above).

This is a motion to dismiss a petition for reorganization filed by certain creditors in a proceeding, in which a creditors' involuntary petition in bankruptcy has been filed against Pacific States Savings and Loan Company, a corporation, debtor and alleged bankrupt. On motion, that petition was dismissed because it appeared upon its face that the District Court for the Southern District of California had no jurisdiction over the corporation. It is conceded that, under the Chandler Act, creditors of a corporation may file a petition for reorganization. Bankruptcy Act of 1938, Secs. 126, 131, 11 U.S.C.A. §§ 526, 531. It is not necessary to determine whether, with the dismissal of the petition for involuntary bankruptcy, there remains pending before the court a proceeding in which a petition for reorganization may be filed. Were I to determine this question, I might be inclined to hold that jurisdiction to entertain a dependent proceeding disappears with the dismissal of the original proceeding. Thus, where a party is allowed to intervene in an action in aid of either side, and the original action is dismissed, intervention also fails. See Henry v. Vineland Irr. District, 1903, 140 Cal. 376, 73 P. 1061; Townsend v. Driver, 1907, 5 Cal.App. 581, 90 P. 1071; Stern & Goodman Inv. Co. v. Danziger, 1929, 206 Cal. 456, 274 P. 748.

However, we are confronted with a more fundamental objection. Section 4 of the Bankruptcy Act of 1938, in Paragraph a, says: "Any person, except a municipal, railroad, insurance, or banking corporation or a building and loan association, shall be entitled to the benefits of this Act [title] as a voluntary bankrupt". · 11 U.S.C.A. c. 3, § 22a. Building and loan associations were

placed in the exempt group by an amendment approved February 11, 1932. The effect of the amendment was to extinguish the bankruptcy power of courts over building and loan associations, even in pending cases. See Home Savings & Loan Association v. Plass, 1932, 9 Cir., 57 F.2d 117.

It is very significant that the law as it stands now, and as it has stood since 1910, excepts specifically certain corporations from the purview of the Bankruptcy Act. The effect of the exception is this: Whereas, under the law prior to the 1910 amendment, a factual situation arose which gave the court of bankruptcy the right to inquire into the nature of a corporation, so as to determine whether it did or did not have jurisdiction, that power was removed by the amendment of 1932. From that time on, where it appears on the face of a petition that a corporation is in the excepted class, the authority of the court to act is absolutely at an end. The leading case is Vallely, Trustee, v. Northern Fire & Marine Insurance Company, 1920, 254 U.S. 348, 41 S.Ct. 116, 65 L.Ed. 297. In that case, the Eighth Circuit Court of Appeals, 278 F. 1022, being unable to determine certain questions before it, certified them to the Supreme Court.

An involuntary petition had been filed against a corporation. The directors of the corporation defaulted, and an adjudication was made. The petition averred the corporate capacity of the company under the laws of North Dakota, and that it had been "engaged in the business of insuring property against loss by fire, hail, etc." No appeal was taken from the order of adjudication. Later, a motion was made to vacate the adjudication, upon the ground that the court had no jurisdiction, because the corporation was in the exempt class, and that the default of the directors of the corporation could not confer such jurisdiction. The Circuit Court, being unable to determine the matter, certified it to the Supreme Court. The Supreme Court in its opinion, written by Mr. Justice McKenna, pointed out the distinction between the law as it then stood and as it had stood prior to the 1910 amendment. After referring to certain cases, which had been cited, and in which courts had entertained proceedings to determine whether certain persons were farmers, under the exception in the statute, the court said:

"It will be observed, therefore, that the act of 1898, made jurisdiction depend upon an inquiry of fact and necessarily jurisdiction was conferred to make the inquiry, and pronounce judgment according to its result. The case, therefore, is not pertinent to, or authority upon, the case at bar. The Act of June 25, 1910, which covers the present proceeding is peremptory in its prohibition. It excludes, by section 4, insurance corporations from the benefits of voluntary bankruptcy, and by subdivision 'b' prohibits them from being adjudged involuntary bankrupts. The effect of these provisions is that *there is no statute of bankruptcy as to the excepted corporations, and necessarily there is no power in the District Court to include them.* In other words, the policy of the law· is to leave the relation and remedies of 'municipal, railroad, insurance, or banking' corporations to their creditors and their creditors to them, to other provisions of law." Vallely, Trustee, v. Northern Fire & Marine Ins. Co., 254 U.S. 348, 355, 41 S.Ct. 116, 118, 65 L.Ed. 297. (Italics added)

In ascertaining the nature of a corporation, under a challenge of jurisdiction, its status under the state law which licenses it, and the business it is permitted to do under its charter, rather than what it actually does, are the determining factors. As tersely said by the court In re Union Guarantee & Mortgage Co., 1935, 2 Cir., 75 F.2d 984, 985: "Now it is the powers·conferred upon the company, not its activities, which are decisive. Gamble v. Daniel [8 Cir.], 39 F.2d 447; Clemons v. Liberty Savings, etc., Co. [5 Cir.], 61 F.2d 448. So far as In re Supreme Lodge of Masons Annuity, D. C., 286 F. 180, holds otherwise it cannot be accepted. If a state enacts that companies having powers of a prescribed kind must be regulated, that is of course authoritative; and, if in addition it classes the company as a bank or a railroad or an insurer, that too should be authoritative. State of Kansas ex rel. Boynton v. Hayes [10 Cir.], 62 F.2d 597; Security Building & Loan Ass'n v. Spurlock [9 Cir.], 65 F.2d 768. This is true, not because Congress was bound to yield in such cases, but because otherwise its apparent purpose to leave the winding up of such companies to the state would not be effected; for the will of the state is no clearer to supervise the company than to class it as it does. When Congress excepted not all companies affected with a · public interest, but specified kinds of such company, presumably it intended the states to define the kinds." And see Gamble v. Daniel, 1930, 8 Cir., 39 F.2d 447; Clemons v.

Liberty Savings, etc., Corp., 1932, 5 Cir., 61 F.2d 448; State of Kansas ex rel. Boynton v. Hayes, 1932, 10 Cir., 62 F.2d 597; Security Bldg. & Loan Ass'n v. Spurlock, 1933, 9 Cir., 65 F.2d 768; In re Prudence Co., 1935, 2 Cir., 79 F.2d 77; Grand Lodge, Knights of Pythias v. McKee, 1938, 5 Cir., 95 F.2d 474; In re Michigan Sanitarium & Benevolent Ass'n, 1937, D.C., 20 F.Supp. 979; In re Island Mortgaging Corp., 1937, D.C., 18 F.Supp. 448. Both by the test of *powers conferred and powers exercised,* the debtor here is a building and loan association.

For if the petition for reorganization be studied, it becomes apparent, not only by what it sets forth, but by other documents to which it refers, *and which are in this record,* that, at least since 1932, this corporation has been engaged in the building and loan business, has had a certificate for that purpose from the State of California, has been subject to the supervisory powers of the State of California in that respect, and that the State of California has exercised the power which it solely has of taking it over for liquidation. To particularize: It is alleged that the corporation was organized under the laws of the State of California. It is denied that it is an insurance or banking corporation or building and loan association. The incorporation is alleged as of June 14, 1889. Significantly, the pleader also sets forth the amendment of the Articles of Incorporation in 1907, and the amendment of the Articles of Incorporation in 1932. Both of them were intended to connect up the old Articles of Incorporation with the various amendments which had been made to the building and loan association law of California. The Articles of Incorporation are broad enough to enable the corporation to engage in the building and loan business as it existed at that time. Certainly the amendments of 1932 to the articles leave no doubt as to what was intended. On the face of this petition and of the documents to which it refers, it would be the duty of the court, even without a motion, to decline to entertain jurisdiction. Judicial Code, Section 37, 28 U.S.C.A. § 80. Because it is apparent to me that it is engaged in the business of a building and loan association. Allegations to the contrary create a factual condition which cannot be inquired into in this court. When jurisdiction is challenged, the court's duty to inquire into its right to entertain the proceeding is imperative. And he who invokes the court's power must show that he is properly before it. See KVOS, Inc., v. Associated Press, 1936, 299 U.S. 269, 57 S. Ct. 197, 81 L.Ed. 183; McNutt v. General Motors Acceptance Corp., 1936, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135; Bullard v. City of Cisco, 1933, 290 U.S. 179, 54 S.Ct. 177, 78 L.Ed. 254, 93 A.L.R. 141; Saint Paul Mercury Indemnity Co. v. Red Cab Co., 1938, 303 U.S. 283, 58 S.Ct. 586, 82 L. Ed. 845; Zicos v. Dickmann et al., 1938, 8 Cir., 98 F.2d 347; Allen v. Clark, 1938, D. C., 22 F.Supp. 898.

The Second Article is amended to read as follows:

"Second: The purposes for which this corporation is formed are:

"(a) To encourage industry, frugality, home building and the accumulation of savings among its members and certificate holders and among others;

"(b) To accumulate savings;

"(c) To loan the moneys or funds so accumulated, with the profits and earnings thereon, to its members and certificate holders and to others;

"(d) To repay, subject to the provisions of law governing withdrawals from building and loan associations and the by-laws of this corporation, to each member or certificate holder, his savings and profits, whenever they have accumulated to the full par value of his shares or investment certificates, or at any time when he shall desire to withdraw the same, or when this association shall desire to repay the same."

Then follow other provisions, which I will eliminate. We go to (1), where we find these powers:

"To make any and all loans and investments now or hereafter permitted by the laws of the State of California applicable to building and loan associations;

"(m) To have and to exercise all powers and privileges conferred on corporations generally, formed under the laws thereof, except where inconsistent with the provisions of law governing building and loan associations."

We need not set forth the other provisions. It is evident that the entire purport of the amendments is to show clearly that, perhaps because of doubts which may have arisen as to the meaning of the Articles of Incorporation up to that time, their object was to so clarify them that any one who can read would understand that this corporation was claiming every one of the benefits of the

building and loan laws of the State of California.

To evidence that further, we find attached to the amendments a certificate of approval by the then Building and Loan Commissioner of the State of California, Friend W. Richardson. Under date of November 22, 1932, he certified: "I, Friend W. Richardson, as Building and Loan Commissioner of the State of California, do hereby certify that I have examined and do hereby approve the within Certificate of Amendment of the Articles of Incorporation of Pacific States Savings and Loan Company, a California building and loan association, amending Articles Second, Fourth and Sixth of its Articles of Incorporation."

By this certificate, issued under the authority of the State of California, by its Building and Loan Commissioner, he not only agrees to the amendment, but states that the corporation *is then, as it has been in the past, a building and loan association.* The amended Articles were filed in the office of the Secretary of State of California on November 26, 1932, and in the office of the County Clerk of Los Angeles County on December 10, 1932.

We go back to the petition, and we find other allegations bearing on the nature of the corporation. It is stated that on November 21, 1932, the debtor procured "a license from the Building and Loan Commissioner to transact a building and loan association business in the State of California". It is then alleged "that for a period of many months prior to the 4th day of March, 1939, said debtor has been unable to pay its said indebtedness as it matured, in an amount in excess of $2,000,000; and on the said 4th day of March, 1939, Ralph Evans, as the Building and Loan Commissioner of the State of California took involuntary charge and possession of all the assets of said debtor, and has declared his intention of liquidating the affairs of said debtor."

Against these facts, we have the bare statement that the corporation is, in fact, *not* a building and loan association. If that be so, I do not know what it is. The effect of assuming jurisdiction would be this: The Government of the United States, through the Bankruptcy Court, would exercise visitatorial power over a local state corporation. I would have to undertake, as counsel do in their argument, to determine the legality of the amendments of 1932, and hold that these amendments were invalid

and could not change legally what had not been a building and loan corporation into a building and loan corporation.

I am satisfied that the corporation, even as originally organised, was a building and loan corporation. The only purpose of the amendments was to give to it enhanced powers. But, assuming that the amendments of 1932 were the sole source of the building and loan association powers, to entertain jurisdiction for the purpose of inquiry even would mean to assume visitatorial power over the internal affairs of the corporation. It would mean, in effect, to turn this proceeding into a quo warranto inquiry into the right of existence of a corporation, which has been doing business as a building and loan corporation in the State of California, which was organized for that purpose, and licensed as such by the State of California, which has been under the supervisorial powers of the state for years, and, as to which the State, through its Building and Loan Commissioner, has exercised the very extraordinary power of liquidation. I do not think this can be done under the bankruptcy power. To do so, would mean that, for the purpose of taking jurisdiction, amendments enacted by a corporation with the approval of the Building and Loan Commissioner of the State of California, which have stood unchallenged by anyone since 1932, may be inquired into in a District Court for the purpose of determining their validity, so as to hold that,—despite the fact that this corporation has held itself out to the public and to the Building and Loan Commissioner as a building and loan association, has been licensed as such, has operated as such, has been approved and supervised as such, and now has been taken over as such by an officer of the State of California,—it is some kind of investment corporation over which the State of California has no control and which may be reorganized under the Bankruptcy Act. If that were within our power, every dispute within local corporations in the excepted group could be thrown into the bankruptcy courts and inquiry instituted to determine whether or not they acted in the capacity for which they were organized. One can readily see how, in a case involving the proper jurisdictional amount and diversity of citizenship, a stockholder might have questioned, or might still question now, in federal court the validity of the amendments and ask that they be declared invalid, and his rights under them adjudicated.

But if we take jurisdiction of this proceeding, we must do so under *one power only*,—the bankruptcy power. For that is the only power invoked. And what has just been said shows that we cannot do so, as the debtor is in the excepted group.

Hence the following order:

It appearing upon the face of the petition that this corporation is, and for many years has been, organized and acting as a building and loan corporation, that it has been so recognized by the State of California, which is now attempting to liquidate it, it is within the exception provided for in paragraph a of Section 4 of the Bankruptcy Act. The motions to dismiss will, therefore, be granted. Formal order to follow.