## WOULFE et al. v. ATLANTIC CITY STEEL PIER CO. et al.

### No. 7797.

Circuit Court of Appeals, Third Circuit.

Argued Oct. 20, 1941.

Decided Dec. 10, 1941.

Vincent S. Haneman, of Atlantic City, N. J., for appellants.

John Lloyd, Jr., and Thompson & Lloyd, all of Atlantic City, N. J. (George A. Bourgeois, of Atlantic City, N. J., and Louis B. LeDuc, of Camden, N. J., on the brief), for appellee.

Before BIGGS, MARIS, and GOODRICH, Circuit Judges.

MARIS, Circuit Judge.

This is an appeal from an order of the District Court for the District of New Jersey enjoining the plaintiffs from proceeding in the Court of Chancery of the State of New Jersey in a suit which had been removed to the district court. The

plaintiffs contend that the removal was improper and that therefore the district court was without jurisdiction over the controversy and without authority to issue the injunction. We are thus called upon to decide whether the federal removal statutes authorize removal of a cause such as this.[1]

 The right to remove a suit from the state court to the federal court is governed by Section 28 of the Judicial Code, 28 U.S.C.A. § 71.[2] The pertinent portion of the section reads: " * * * Any other suit of a civil nature, at law or in equity, of which the district courts of the United States are given jurisdiction, in any State court, may be removed into the district court of the United States for the proper district by the defendant or defendants therein, being nonresidents of that State. And when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different States, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the district court of the United States for the proper district. * * *" It follows that if the suit is one over which the district court has been given original jurisdiction, as it has over a civil suit where the matter in controversy exceeds $3,000 and is between citizens of different states, 28 U.S.C.A. § 41(1), and if it is shown that the nonresident defendant was party to a separable controversy, which could be determined without the presence of other defendants, that defendant may remove the suit.[3]

 The defendant, Atlantic City Pier Company, a Delaware corporation, hereinafter called the Pier Company, claims that the right to remove is not lost even though another defendant, the City of Atlantic City, is a citizen of the same state as the

---

[1] In an opinion drafted three days before the district court filed its opinion granting the application for the injunction but filed one day thereafter the New Jersey Chancery Court held that there was no right of removal. 129 N.J.Eq. 510, 20 A. 2d 45. The situation which arises by reason of the conflicting decisions upon the issue of removability is somewhat unseemly and might have been avoided had the state court awaited the decision of the federal court. In Metropolitan Casualty Ins. Co. v. Stevens, 312 U.S. 563, 569, 61 S.Ct. 715, 718, 85 L.Ed. 1044, Mr. Justice Murphy suggested that "if * * * the state court is assured that the federal court will decide promptly the question of removability, it is better practice to await that decision * * *." See, also, Chesapeake & Ohio Ry. Co. v. McCabe, 213 U.S. 207, 219, 29 S.Ct. 430, 53 L.Ed. 765.

[2] In St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 286, 58 S.Ct. 586, 589, 82 L.Ed. 845, Mr. Justice Roberts tersely summarizes the history of the removal statutes as follows:

"Authority for removal of certain causes from a state to a federal court was first given by section 12 of the Judiciary Act of 1789 [28 U.S.C.A. § 71 note] which permitted removal of a civil suit, instituted by a citizen of the state in which the suit was brought, against a citizen of another state, where the matter in dispute exceeded the sum or value of $500, exclusive of costs. Such removal could be had only at the instance of the nonresident defendant. The Act of July 27, 1866 [28 U.S.C.A. § 71 note], enlarged the privilege of removal by providing that if, in such a civil suit, it was shown that a nonresident defendant was party to a separable controversy, which could be determined without the presence of other defendants, that defendant might remove the cause.

"The Judiciary Act of 1875 [28 U.S. C.A. § 71 note] altered pre-existing law to permit suits involving a controversy between citizens of different states to be removed by either party. The Judiciary Acts of 1887, 1888 [28 U.S.C.A. § 71 note] increased the jurisdictional amount to more than $2,000, exclusive of interest and costs, and confined the right of removal to a nonresident defendant, and the Judicial Code increased the limit to over $3,000, exclusive of interest and costs, and also restricted the privilege to nonresident defendants."

[3] "The question then is whether the original complaint set forth a separable controversy between the plaintiffs and the Pullman Company, that is, a controversy 'which is wholly between citizens of different States, and which can be fully determined as between them'. 28 U.S.C. § 71, 28 U.S.C.A. § 71. If, as to the nonresident defendant seeking removal, the controversy is separable within the purview of the statute as construed, the fact that under the state practice it may be joined in the same suit with another controversy as against other defendants, does not preclude removal." Mr. Chief Justice Hughes in Pullman Co. v. Jenkins, 305 U.S. 534, 538, 59 S.Ct. 347, 349, 83 L.Ed. 334.

plaintiffs, because the controversy between the Pier Company and the plaintiffs is separable from the controversy between the plaintiffs and the City of Atlantic City.[4] The right to remove must be determined by an examination of the plaintiffs' pleadings at the time of the petition for removal. Pullman Co. v. Jenkins, 305 U.S. 534, 537, 59 S.Ct. 347, 83 L.Ed. 334. The sole pleading before us is the bill of complaint filed by the plaintiffs in the Chancery Court of New Jersey. It consists of 24 paragraphs and a prayer for relief. The following condensed narrative recital of the allegations of the bill may aid us in determining whether there is but one controversy between the plaintiffs and the two defendants or whether there are two separate controversies which have for convenience of the parties and the court been combined in one suit.

The bill alleges that all the plaintiffs are residents and citizens of the City of Atlantic City and the State of New Jersey and are engaged in the restaurant business in the City of Atlantic City. Some are also taxpayers and property owners in the City of Atlantic City. In 1896 more than 100 owners of land adjacent to a then existing boardwalk agreed with each other and with the City of Atlantic City to dedicate a right of way over their respective lands for the purpose of maintaining a street and walk and with the understanding that the beach oceanward of the walk and under it would be free, open and in effect a public park. The right to build a pier upon any part of the land so dedicated was reserved but upon the express agreement that but one fee be charged and no commodities be sold thereon. A predecessor in title of the Pier Company built a pier upon land subject to the restrictions of the agreement. In 1901 upon the complaint of the City of Atlantic City against the predecessor of the Pier Company the New Jersey Chancery Court by decree enjoined the sale of any commodities upon the pier or the charging of any fee other than the entrance fee. In 1940 despite the 1901 decree and the restrictions upon the use of the land upon which the pier was erected the Pier Company through concessionaires sold commodities, especially food, upon the pier and charged fees for amusements and services in addition to the entrance fee. The sale of food upon the pier seriously damaged the plaintiffs and others. Although the City of Atlantic City was requested to do so it took no action against the Pier Company and refused to join in the bill of complaint. It has, therefore, been made a defendant to the plaintiffs' suit. The City of Atlantic City issued a mercantile license to Beresin & Loeb, granting them permission to sell food on the pier. The issuance of the license is in violation of the terms of the 1896 agreements, and the failure to restrain the sales is in violation of the duty of the City of Atlantic City to its residents. All the property owners and inhabitants and particularly the plaintiffs have been and will be damaged by the actions of the Pier Company and by the issuance of the license by the City of Atlantic City.

These are the allegations which the plaintiffs do make in their bill of complaint. Of equal and determinative significance are the allegations which they do not make. For at no place do they aver that the violation of the restrictions by either of the defendants was the result of an agreement between them or by reason of a conspiracy to which they were parties, or that one induced the other to act wrongfully or that the action was joint. There is nothing to indicate that the issuance of the mercantile license by the City of Atlantic City was procured by Beresin & Loeb, who are not parties to the suit, through influence, pressure or fraud of the Pier Company. The plaintiffs realize that some such allegations as these are essential for in their argument they contend that the controversy between plaintiffs and both defendants is not a separable one because "Pleadings must be taken as the only criterion and if they allege that the wrong was committed by both the defendants jointly, the court is bound by the cause of action as set forth in the complaint." Unfortunately for the success of their argument all the allegations as to joint action by the defendants or conspiracy between them are found in the plaintiffs' brief and none is set forth in the pleadings.

■ We conclude that the controversy was separable, that the removal of the suit

4 In addition the Pier Company claims that the interests of the City of Atlantic City are not adverse to the interests of the plaintiffs and that a proper realignment of parties would result in transferring it to the parties plaintiff. City of Indianapolis v. Chase National Bank, 314 U.S. 63, 62 S.Ct. 15, 86 L.Ed. ——. We do not need to pass upon this contention because of our conclusion upon the main question.

to the district court was authorized by statute, that the district court had jurisdiction and that it could protect its jurisdiction by enjoining further action in the state court.[5]

The order of the district court is affirmed.

[5] Madisonville Traction Company v. St. Bernard Mining Company, 196 U.S. 239, 25 S.Ct. 251, 49 L.Ed. 462; Toucey v. New York Life Ins. Co., 314 U.S. 118, 62 S.Ct. 139, 86 L.Ed. ——.