## GOLCONDA PETROLEUM CORPORATION v. PETROL CORPORATION.

### No. 2100.

District Court, S. D. California, Central Division.

July 31, 1942.

24

Zach Lamar Cobb, Reynolds & Painter, and Paul S. Ottoson, all of Los Angeles, Cal., for plaintiff.

Gordon Lawson, of Los Angeles, Cal., for defendant.

Fleming & Robbins, of Los Angeles, Cal., for plaintiff in intervention.

### J. F. T. O'CONNOR, District Judge.

The principal question to be determined is whether or not the petition of the executors of the will of Effie Frances Cowie, deceased, to intervene, should be granted.

On March 3, 1942, a complaint for declaratory relief, accounting, and removal of cloud from title, was filed by the Golconda Petroleum Corporation, plaintiff, against the Petrol Corporation, defendant. The defendant, under a sublease dated October 20, 1936, had drilled ten wells from which large quantities of oil and gas were produced. The complaint alleged a controversy between plaintiff and defendant as to the proper amount to be paid for each barrel of oil. Paragraph IX of the complaint alleges: "* * * plaintiff contends that the price fixed by said subparagraph 3 of said paragraph 21 of said Sublease of October 20, 1936 for royalty payments to be made thereunder, means and should be interpreted to mean and at the time said oil and gas Sublease was executed was intended and by the parties hereto was understood to mean, the reasonable market value of said oil at the well on or about the date fixed for shipment of plaintiff's portion of said oil. That the defendant, The Petrol Corporation, contends that said royalty provision in said Sublease is ambiguous and meaningless and as a consequence, the defendant, The Petrol

Corporation, may arbitrarily set the price of plaintiff's royalty oil without reference to the reasonable market value of said oil at the well, or the available price offered to be paid for said oil at the well on or about the date fixed for shipment."

Complaint further alleges that the defendant has produced and shipped from said wells from the 1st day of January, 1940, to February 22nd, 1942, 1,617,768.93 barrels of oil. The complaint further alleges a settlement of the controversy over the price of oil, which terms were included in a written instrument dated November 28, 1941. The instrument further provided for the distribution and application of amounts due plaintiff from defendant. The complaint alleges that there is a balance due the plaintiff under the terms of the settlement agreement of $23,281.01, which the defendant refuses to pay.

On June 15, 1942, petition for instructions was filed by the attorneys for plaintiff. Among other allegations, this petition sets forth that on February 24, 1942, the directors of plaintiff corporation authorized action to be commenced against defendant for and on behalf of the estate of Effie Frances Cowie, and for the benefit of the plaintiff, Golconda Petroleum Corporation, and all other stockholders thereof who may be similarly situated. The corporation on said date also fixed the compensation of the attorneys.

On March 4, 1942 (the day following the filing of the complaint), at the annual stockholders' meeting of said corporation, a new board of directors was elected and qualified. Complaint in intervention, paragraph 26, alleges as follows:

"* * * The defendant, The Petrol Corporation, holding and voting its own stock, and causing its associate stockholders to vote their stock under its direction and control, proceeded to and did elect a Board of Directors of plaintiff corporation, chosen by and representing the said defendant, The Petrol Corporation, to wit: Walter S. Wiggin, Gordon Lawson, Orris R. Hedges, Edwin W. Pauley, Wm. G. Winslow, C. Hansen, Sidney L. Schwartz, A. J. Diepenbrock, and Paul S. Ottoson.

"2. That plaintiffs in intervention are informed and believe and therefore allege, that in its exercise of dominance and control of the plaintiff corporation, and its present Board of Directors, the said defendant, The Petrol Corporation, caused its own Director and President, Edwin W. Pauley, its own Director and Counsel, Gordon Lawson,

Esquire, and its own Secretary and Treasurer, Orris R. Hedges, to be elected, qualified and installed, respectively, as President, Executive Vice-President, and Secretary and Treasurer of plaintiff corporation; and that said defendant corporation now dominates and controls the plaintiff corporation, and its management and operation, and in its business relations with plaintiff corporation, through said directors chosen by it, and through its own officers and employees as aforesaid, in the adverse interest, and to the advantage, of defendant corporation, and to the detriment and injury of plaintiff corporation, and its stockholders, particularly its minority stockholders with the same interest as the plaintiffs in intervention."

The petition alleges that on June 9, 1942, the new board of directors of plaintiff corporation adopted a resolution directing the petitioners to dismiss the action. One of the attorneys withdrew. The attorney for the executors of the estate of Effie Frances Cowie, representing 13,000 shares of stock, requested the court to permit the attorney to withdraw and that the court withhold ruling upon the request of the board of directors of the corporation to dismiss the suit subsequent to the hearing on motion to intervene, and other instructions.

On June 15, 1942, a motion to intervene as plaintiffs was filed by Robert A. Cowie and Effie Frances Reynolds, executors of the will of Effie Frances Cowie, deceased, on behalf of said estate and for the benefit of plaintiff, Golconda Petroleum Corporation, and all other stockholders thereof similarly situated, and a copy of the complaint in intervention was attached to said motion.

The defendant contends that since it controls the plaintiff corporation, it has the absolute right to dismiss the action. The defendant corporation concedes the right of a minority stockholder upon a proper showing to sustain a similar independent action in the state courts. Sohland v. Baker, 15 Del.Ch. 431, 141 A. 277, 58 A.L.R. 693, Harris Trust and Savings Bank v. Chicago Rys. Co. et al., D.C., 23 F.2d 192; 18 C.J.S., Corporations, § 564, p. 1280. This would result in an action being commenced in the state courts with considerable delay in deciding the issues. This would create a hardship and courts are jealous of avoiding such a result. Derman v. Gersten, D.C.E.D. N.Y.1938, 22 F.Supp. 877; Mitchell & Weber v. Williamsbridge Mills, D.C., 14 F. Supp. 954; R. C. A. Mfg. Co., Inc., v. Columbia Recording Corp., D.C., 36 F.Supp. 247. Courts will not permit an action to be dismissed if such dismissal tends to prejudice the rights of interested parties and if for some reason the party commencing the action desires to dismiss it, the courts will examine the record carefully if objection be made and will permit the action to be tried if the ends of justice will be served. Merchants National Bank v. United States, 2 Cir., 214 F. 200. If the court should grant the motion to dismiss the action then the court would lose jurisdiction, as diversity of citizenship would not exist in the petitioner intervenors. This question was carefully considered by Judge Yankwich in Re Pacific States Savings & Loan Co., D.C., 27 F.Supp. 1009, 1010. The court held that "where a party is allowed to intervene in an action in aid of either side, and the original action is dismissed, intervention also fails." Henry v. Vineland Irr. District, 1903, 140 Cal. 376, 73 P. 1061; Townsend v. Driver, 1907, 5 Cal.App. 581, 90 P. 1071; Stern & Goodman Inv. Co. v. Danziger, 1929, 206 Cal. 456, 274 P. 748.

However, it is clear that the court, having acquired jurisdiction, the intervention of parties plaintiff who do not possess diversity of citizenship will not oust the court of jurisdiction. Jurisdiction of the federal courts depends upon the state of the record at the time the action was brought and having obtained jurisdiction, it cannot be ousted. Title 28 U.S.C.A. § 41, see note 41(1) 16. Nickelson v. Nestles Milk Products, 5 Cir., 107 F.2d 17, see cases footnote, page 18. Woulfe v. Atlantic City Steel Pier Co., 3 Cir., 124 F.2d 322. Andrew Stewart v. James H. Dunham, 115 U.S. 61, 5 S.Ct. 1163, 29 L.Ed. 329; Supreme Tribe of Ben Hur v. Cauble, 255 U.S. 356, 41 S.Ct. 338, 65 L.Ed. 673; Wichita Railroad & Light Co. v Public Utilities Commission of State of Kansas, 260 U.S. 48, 43 S.Ct. 51, 67 L.Ed. 124; Kearney v. Denn, 15 Wall. 51, 82 U.S. 51, 21 L.Ed. 41.

The record clearly shows that the petitioners have brought themselves within Rule 23 and 24 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Ashwander v. Tennessee Valley Authority, 297 U.S. 288, 56 S.Ct. 466, 80 L.Ed. 688, and cases cited in opinion.

The right to intervene was discussed in Southern Pacific Company v. Bogert et al., Executors, 250 U.S. 483, 39 S.Ct. 533, 539, 63 L.Ed. 1099, and the court, speaking through Justice Brandeis, said: "If they

could not have intervened as of right, it was at least within the discretion of the court to permit them to do so; and no reason is shown for questioning the exercise of its discretion."

The motion of Robert A. Cowie for leave to intervene as plaintiffs in this action, in the capacity stated, in order to assert the cause of action set forth in plaintiff's complaint, and in their complaint in intervention, is granted.

The motion of the Petrol Corporation to strike certain paragraphs of the complaint, is denied.

The motion of Golconda Petroleum Corporation, plaintiff, to substitute an attorney in the place and stead of the attorney first authorized by Golconda Petroleum Corporation to bring the action, is denied. The ends of justice would not be served in permitting the defendant corporation to appoint an attorney to conduct the litigation against itself.