## UNITED STATES FIDELITY & GUARANTY CO. v. JANICH et al.

### Civ. No. 2422.

District Court, S. D. California,
Central Division.

Jan. 15, 1943.

Wood, Crump & Rogers, of Los Angeles, Cal., for defendants Peter P. Janich, Sr., individually and as doing business under name and style of Sanitary Construction & Engineering Co., Marie Janich, and Peter P. Janich, Jr.

W. N. Deatherage, of Long Beach Cal., for defendant Max Berrey.

J. F. T. O'CONNOR, District Judge.

This is a motion by the plaintiff, United States Fidelity and Guaranty Company, to dismiss the cross-claim of the defendant Berrey; a motion to strike from cross-claim; a motion to strike demand for jury, and a motion for severance of time of trial.

The action is one for declaratory relief for a determination of the "legal rights, duties and other relations as between this plaintiff and the respective defendants herein." The complaint alleges that the plaintiff herein is a corporation organized and existing under the laws of the State of Maryland. The defendants with whom this motion is concerned are: Peter P. Janich, Sr., individually and as doing business under the name and style of Sanitary Construction and Engineering Company, Peter P. Janich, Jr., and Max Berrey, all citizens of the State of California.

On June 27, 1942 plaintiff issued a policy of liability insurance wherein the named insured are designated as: P. P. Janich, doing business as Sanitary Construction and Engineering Company, and P. P. Janich, Sr.

Prior to July 1, 1942, the date on which the accident herein purportedly occurred, Peter P. Janich, Jr., joined as partner with his father in the above construction company, and as such became an insured under the provision of said policy of insurance. On or about July 1, 1942, while the defendant Janich, Jr., was allegedly engaged in the prosecution and performance of his construction work, and while the defendant Max Berrey was engaged in the performance of supervising or inspecting said work, the said defendants became involved in an altercation or controversy concerning the work of construction and in consequence thereof Janich, Jr., pushed or struck the defendant Max Berrey, whereby the latter sustained personal injuries. Demand for damages and compensation was made by Berrey upon the defendants Janich, for the personal injuries sustained. In turn, the assured seek protection under

Edward C. Mills (of Mills & Wood), of Los Angeles, Cal., for plaintiff.

the policy of liability insurance issued by plaintiff wherein the type of injuries sustained herein by Berrey are claimed to be within the scope of its provisions. The defendant Berrey duly filed his cross-claim against the defendants Janich, and also joined the plaintiff as cross-defendant. In his cross-claim Berrey alleges inter alia that the injuries inflicted by Janich, Jr., upon his (Berrey's) person were perpetrated maliciously "and with wanton disregard of the rights and feelings of cross claimant, and by reason thereof cross claimant demands exemplary and punitive damages against said defendants in the sum of Twenty Five Thousand Dollars ($25,000.00)." The claimant Berrey further "alleges that a policy of liability insurance was issued by plaintiff (cross defendant herein) to P. P. Janich, doing business as Sanitary Construction and Engineering Company, and P. P. Janich * * * whereby it obligated itself to pay any judgment rendered against said above insured parties and on account of any claim or claims due to an accident and in which said policy of insurance it is designated that assault and battery shall be considered an accident * * *." Jury trial was demanded by cross-claimant, Max Berrey.

The grounds upon which the motions are predicated will be considered and disposed of in the order submitted. The plaintiff and cross-defendant asserts first, that the cross-claim of defendant Berrey fails to state a claim against plaintiff.

Condition 9 of the policy entitled "Action Against Company" provides that "No action shall lie against the Company unless, as a condition precedent thereto, the Insured shall have fully complied with all of the terms of this policy, nor until the amount of the Insured's obligation to pay shall have been finally determined either by judgment against the Insured after actual trial or by written agreement of the Insured, the claimant, and the Company." Any person or his legal representatives who has secured such judgment or written agreement shall thereafter be entitled to recover under the terms of the policy in the same manner and to the same extent as the insured. Nothing contained in this policy shall give any person or organization any right to join the company as a codefendant in any action against the insured to determine the insured's liability.

This action presents certain factors which change the effect of the non-action clause. Without presently discussing the nature of the action, but only the application of the nonaction clause, a conspicuous inconsistency discloses itself on the face and in the prayer of the complaint. On the one hand, the complaint joins as party defendant, Max Berrey, whose rights and duties are to be declared in relation to those of the plaintiff and "plaintiff prays judgment: 1. That the court ascertain, determine and declare the legal rights, duties and other relations as between this plaintiff and the respective defendants herein; 2. That it be determined, adjudged and declared that plaintiff is under no duty or obligation to defend any suit or action that may be brought by the defendant, Max Berrey. * * *" While on the other hand, plaintiff requests this court to impose the restrictions of the nonaction clause contained in the policy and preclude cross-claimant, Max Berrey, from asserting any counter-right. The position of the plaintiff is inconsistent and might result in great injustice. In the circumstances of the case, this court, sitting as a court of equity, cannot administer justice piecemeal, by extending its facilities to one party to an action and denying them to another. A distinction exists between denying the cross-claimant the right to assert his claim in the declaratory relief suit and the right to maintain his status as a claimant to the action. It is the latter situation which is to be determined, viz., maintaining the status of defendant Berrey as a claimant to the action. The attitude of the plaintiff as reflected by its pleadings and the relief sought has waived its right to object to the maintenance of the cross-claim herein. In the following cases, the issue has been ruled upon adversely to the plaintiff. In People of the State of Illinois v. Maryland Casualty Co. (Bowen), D.C., 2 F.R.D. 241, 242, a motion to dismiss a third-party complaint was involved. An objection was raised "* * * that the third-party complaint is prematurely brought for¹ the reason that, under the terms of the agreement between the third-party plaintiff and the third-party defendants, the third-party defendants agreed to pay the third-party plaintiff its loss, costs, charges, suits, damages, etc., * * * which loss, costs, etc., have not yet been sustained or incurred by third-party plaintiff * * *." The court applied part of rule 14 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which reads: "'* * * a defendant may move * * *

for leave as a third-party defendant to serve a summons and complaint upon a person not a party to the action who is *or may be* liable to him or to the plaintiff for all or part of the plaintiff's claim against him. * * *' This rule, and particularly the words 'or may be' italicized above, indicate that the third party complaint is not prematurely brought * * *." Greenleaf v. Huntingdon and Broad Top Mountain R. R. & Coal Co., D.C., 3 F.R.D. 24. Rule 13(g) of the Rules of Civil Procedure allows a cross-claimant the same right. A situation analogous to the one at bar was presented in Mercer Casualty Co. v. Lewis, 41 Cal.App.2d 918, 922, 108 P.2d 65, 67. Nourse, P. J., speaking for the court, disposed of the problem by declaring: "The point that the cross-complaint upon which Collins had judgment herein was prematurely filed is not tenable. The Collins judgment against Lewis for damages arising out of the accident was entered September 27, 1937. It became final on November 26, 1937. The cross-complaint of Collins was filed in this case on October 25, 1937. The trial herein was begun on December 14, 1937, and the judgment entered May 25, 1938. The cause was for declaratory relief and hence in equity. It is a settled rule that a court of equity having jurisdiction of the parties and of the subject matter will make a final disposition of the litigation governed by the circumstances as they are shown to exist at the time the decree is made rather than at the inception of the litigation. 19 Am.Jur., pp. 281, 283. Furthermore, if the pleading of the judgment was insufficient, that was so merely because the pleading was prematurely filed. When the point was first called to the attention of the trial court, it was the duty of the trial court to continue the proceedings until such time as the pleading might properly be filed. * * *" Distinguishing features between the Mercer case and the one before the court do not vary the equitable doctrine of retaining jurisdiction over the parties, once acquired, for a complete adjudication of the issues. Simkins' Federal Practice, Revised Edition (1938), sec. 56. Accordingly, the cross-claim of defendant Berrey is deferred pending final disposition of the declaratory relief sought by the plaintiff. Motion to dismiss cross-claim is denied.

■ The plaintiff's motion to dismiss the cross-claim of defendant Berrey, because the court lacks jurisdiction thereof, in that no diversity of citizenship exists between cross-claimant and cross-defendant, is denied. A similar question of jurisdiction was examined by this court in Golconda Petroleum Corp. v. Petrol Corporation, 46 F.Supp. 23, 25, "Jurisdiction of the federal courts depends upon the state of the record at the time the action was brought and having obtained jurisdiction, it cannot be ousted." See also Southern Pacific Co. v. Haight, 9 Cir., 126 F.2d 900.

■ The plaintiff's motion to strike that portion of the cross-claim relating to exemplary or punitive damages is denied. In Coverage A, plaintiff agrees: "To pay on behalf of the injured all sums which the insured shall become obligated to pay by reason of liability imposed by law * * *." Such a broad provision would embrace exemplary damages. However, the extent of the plaintiff's liability is restricted to the limitations prescribed by its policy.

■ Pursuant to Rule 38(a) of the Rules of Civil Procedure the principles governing trials by jury and severance of time of trial are well established. "A defendant pleading a legal counterclaim in an action of an equitable nature is entitled to a jury trial of his counterclaim." Union Central Life Ins. Co. v. Burger, D.C., 1 Fed. Rules Serv. 499, 38a.6 case 1, 27 F.Supp. 554; Judson v. Buckley, D.C., 31 F.Supp. 246. "Questions that would be triable by jury in an action for money damages are also triable by jury in an action for a declaratory judgment.—Dept. of Justice Headnote." Pacific Indemnity Co. v. McDonald, D.C., 1 Fed.Rules Serv. 500, 38a.71, case 1, 25 F.Supp. 522; United States Fidelity & Guaranty Co. v. Nauer, D.C., 1 F.R.D. 547. For further cases on the subject see Vols. 1, 2, 3, 4, 5, Fed. Rules Service, Rule 38a et seq. In Beaunit Mills, Inc., v. Eday Fabric Sales Corp., 2 Cir., 124 F.2d 563, Judge Clark ably discusses the right to jury trial in actions of an equitable nature under the new Federal Rules. The sequence of trial of legal and equitable issues is stated in Union Central Life Ins. Co. v. Burger, supra. "Where a legal counterclaim is set up in a suit of an equitable nature, the equitable issues, as to which no right to a jury trial exists, should be first disposed of, after which the trial of the legal issues may proceed." Volumes 1 and 5 Fed. Rules Serv. 38a.8. In view of the authorities heretofore cited, the plaintiff's

motion to strike demand for jury will be granted to the extent of determining the equitable issues in controversy. The plaintiff's motion for severance of the legal and equitable issues is granted.