## In re NATIONAL SURETY CO.

District Court, N. D. New York.

Aug. 3, 1934.

Bond, Schoeneck & King, of Syracuse, N. Y., Day & Day, of Cleveland, Ohio, Kraus, Lemen & Parker and Edwin L. Garvin, all of New York City, and Jacob M. Moses, of Baltimore, Md. (Edward Schoeneck and William D. Johnson, both of Syracuse, N. Y., William L. Day and I. R. Morris, both of Cleveland, Ohio, and Jack Lewis Kraus, 2d, and Joel Ritz Parker, both of New York City, of counsel), for petitioning creditors.

Edward F. Keenan, Schurman, Wiley & Willcox, and Jacob Gould Schurman, Jr., all of New York City, for Superintendent of Insurance of New York.

Louis H. Pink, of Brooklyn, N. Y., for Bureau of Liquidation of Insurance Department.

Charles A. Roberts, of New York City, for Reconstruction Finance Corporation.

Hays, Wolf, Kaufman & Schwabacher, of New York City, for reorganization members.

BRYANT, District Judge.

Creditors of the National Surety Company have made application under sections 77A and 77B of the Bankruptcy Act (11 US CA §§ 206, 207) to have this court take jurisdiction of the company for the purposes of reorganization. The alleged debtor, National Surety Company, has neither appeared nor answered the petition. George S. Van Schaick, as superintendent of insurance of the state of New York and as liquidator of the said company, has appeared and answered. His answer puts in issue almost every allegation, except the insolvency of the

alleged debtor, contained in the petition, and sets forth "a plea to jurisdiction" and a motion addressed to the sufficiency of the petition. In addition, Mr. Van Schaick, as liquidator, has moved to vacate the service of the subpœna. At the hearing the questions of validity of service and jurisdiction of alleged debtor were submitted. All other questions, including the questions of good faith of the petitioners, the sufficiency of the petition, etc., were left for future determination, if the court holds it has jurisdiction over the business of the alleged debtor.

The National Surety Company was formed as an insurance corporation under the Insurance Law of the state of New York in 1897. In addition to transacting an insurance business in various forms, the company from 1924 to 1928 guaranteed payment of principal and interest on various forms of securities, primarily based on real estate mortgages. It is not necessary to detail the nature of said securities or the method of issue. Suffice to say that more than twenty companies throughout the country issued certificates guaranteed by the alleged debtor, and some twelve or fourteen mortgage loan companies were organized in various portions of the country for the purpose of acquiring first mortgages on homes located within their respective localities. At the present time upwards of $45,000,000 in face value of securities guaranteed by alleged debtor are outstanding and owned by the public.

In 1929 the National Surety Company organized the Greyling Realty Corporation, a wholly owned subsidiary, as its agency in dealing with the guaranteed mortgage situation. After this, it made very few, if any, direct payments or disbursements in connection with these securities. It advanced or loaned funds to the Greyling Corporation, and this company, through itself and its numerous subsidiaries, serviced the mortgages, advanced money to various mortgagors for taxes and other purposes, took titles to real property acquired by defaults upon mortgages, etc. When the Mortgage Loan Companies, which issued the securities guaranteed by the National Surety Company, became exhausted, the Greyling Corporation took title to their interest and equity in the mortgages placed in the several trusts to secure the outstanding bonds.

In 1932, in a further attempt to stem the disaster fast approaching, the National Surety Company organized the Central Funding Corporation, a wholly owned subsidiary, and it acquired a large amount of outstanding collateral trust bonds and, placing such acquired bonds in trust, issued against the security thereof its own collateral bonds of which over $8,000,000 are now outstanding.

In 1932, by order of the New York Supreme Court, the affairs of the National Surety Company were placed in the hands of George S. Van Schaick, superintendent of insurance of the state of New York, as rehabilitator. Soon after his appointment, he caused the National Surety Corporation to be organized. This new corporation was furnished $12,000,000, and it took over the going insurance business of the National Surety Company, but it did not assume any of its liabilities. The capital stock was issued entirely to George S. Van Schaick for the benefit of creditors and stockholders of the alleged debtor. Since the formation of the new company, the alleged debtor has not written any policies nor engaged in the insurance business unless the adjustment and collection of its prior assets, the determining of its prior liabilities, and the working out of some plan for the settlement and payment thereof is the carrying on of such a business. The rehabilitator has been working toward liquidation. The Central Funding Corporation and the Greyling Corporation and many of its subsidiaries have been placed in receivership. In the administration of the affairs of the alleged debtor receivers have been appointed in about forty different states. A proposed plan for reorganization has been prepared and presented to the state court for approval.

On June 1, 1934, the Supreme Court of the state of New York by order dissolved the National Surety Company, and directed that its affairs be turned over to George S. Van Schaick, as superintendent of insurance for the state of New York, for settlement.

On June 7, 1934, sections 77A and 77B of the Bankruptcy Act became law. The petitions in this case were filed on June 7th and June 8th, and by order of the court were consolidated. Upon each petition, a subpœna was issued and timely served upon George S. Van Schaick, the superintendent of insurance of the state of New York, and the person appointed by the New York Supreme Court as the rehabilitator and liquidator of the National Surety Company, and upon Edward F. Kernan, a vice president of said company.

The above is a brief summary of the facts to be considered in passing upon the matters which the court at this time has taken under consideration, viz.: (1) The question of ju-

risdiction; and (2) the motion to vacate the service of process.

A decision to the plea of jurisdiction is really the answering of the question, "When is an insurance company not an insurance company?" Petitioners contend that the orders and decrees of the New York courts and the acts of the superintendent of insurance of the state of New York, as rehabilitator and liquidator, have so changed the character, operations, business, and activities of the National Surety Company that, at the time of filing the petition, it was not an insurance company, and was, and is, despite the order of dissolution, subject to the provisions of the act. With this contention I must disagree. My reasons are twofold.

First, the National Surety Company was organized as an insurance company and was so operating when its affairs, by order of the court, came under the control of the New York superintendent of insurance. At that time, had section 77B of the Bankruptcy Act been a law, neither the company nor any of its creditors could have taken advantage of its provisions. That being so, then neither the company nor its creditors can take advantage of it now, for the character of a corporation does not change while being administered by a court. Even though, during the period of rehabilitation or liquidation, it ceases some or all of its former activities, yet its classification remains the same. If an insurance company at the time it came under the control of the court, such it remains until rehabilitation or liquidation is completed.

Secondly, upon the making of the order of liquidation or dissolution by the New York Supreme Court on June 1, 1934, the superintendent of insurance of the state of New York became vested by operation of law with the title to all of the property, contracts, and rights of action of the National Surety Company as of the date of the order. The filing and recording of the order imparted the same notice that a deed, bill of sale, or other evidence of title duly filed or recorded would have imparted. N. Y. Ins. Law (Consol. Laws, c. 28) § 402. At the time of the filing of the petitions the alleged debtor was not only without possession but also without title to any property. In other words, it had nothing to be administered. Even though this court could take jurisdiction, it would be futile so to do.

I am not unmindful of the decisions holding that the property of dissolved corporations may be brought into bankruptcy courts. In those cases the corporations were dissolved under statutes which did not upon order of dissolution divest the corporation of title.

My ruling makes it unnecessary to consider the extended arguments made, pro and con, with reference to the "present operations" clause of the act, and also makes academic the question of validity of service of process.

I hold that this court is without jurisdiction, and an order dismissing the petitions may be presented.

It is with regret that I refuse to take jurisdiction. I say this because it is apparent that future administration could be more readily carried on under one control than under the limited jurisdiction of several state courts. It seems almost a travesty to have to deny to this company the benefits of sections 77A and 77B of the Bankruptcy Act while its principal subsidiary is being administered thereunder. However, to hold differently would be the taking of powers that Congress did not deem it wise to give.