### In re ISLAND MORTGAGING CORPO- RATION.
### No. 30520.

District Court, E. D. New York.
Jan. 20, 1937.

Reorganization proceedings in the matter of the Island Mortgaging Corporation, debtor, wherein the debtor filed a petition for an order authorizing and directing it to take immediate steps to cause its subsidiary, Long Island Title Guarantee Company, to file a petition for reorganization under section 77B of the Bankruptcy Act (11 U.S.C.A. § 207) in connection with the reorganization of the debtor, and wherein the superintendent of insurance of the state of New York, as liquidator as of the Guarantee Company, opposed the petition.

Rayford W. Alley and Benjamin Kaplan, both of New York City (Sidney Friedman and Herbert J. Deitz, both of New York City, of counsel), for debtor.

Harry Rodwin, of New York City (Harry Rodwin and Irving H. Jurow, both of New York City, of counsel), for Superintendent of Insurance, as liquidator of Long Island Title Guarantee Co.

S. Howard Sundell, of New York City (Henry Weiner and Louis Glickhouse, both of New York City, of counsel), for Mortgage Commission of State of New York.

Cullen & Dykman, of Brooklyn, N. Y. (Ralph W. Crolly, of Brooklyn, N. Y., of counsel), for Brooklyn Trust Co.

Leo L. Fenbert, of New York City, for Protective Committee of Certificate Holders.

MOSCOWITZ, District Judge.

This is an application by the debtor herein, Island Mortgaging Corporation, for an order authorizing and directing it to take immediate steps to cause its subsidiary, Long Island Title Guarantee Company (hereinafter called the Guarantee Company), to file a petition for reorganization under section 77B of the Bankruptcy Act (11 U.S.C.A. § 207) in connection with the reorganization of the debtor herein.

The Guarantee Company is an insurance company incorporated in 1923 under article 5, section 170 et seq., of the Insurance Law of the state of New York (Consol.Laws, c. 28). Pursuant to its certificate of incorporation, it engaged in the business of title insurance and of investing in, purchasing, selling, and guaranteeing the pay-

ment of the principal of, and interest on, bonds and mortgages secured by real estate located in Greater New York and in adjoining counties of Long Island. Its operation was under the supervision of the state insurance department.

On August 14,. 1933, the Guarantee Company was taken over for rehabilitation by the superintendent of insurance of the state of New York in accordance with an order of the Supreme Court of the state of New York, Kings county. Subsequently, on May 7, 1935, upon petition of the superintendent of insurance, an order for the liquidation of the Guarantee Company under article 11, section 400 et seq., of the Insurance Law of the state of New York (Consol.Laws, c. 28), was made and entered. The order of liquidation dissolved the Guarantee Company, canceled its charter, and vested title to its assets in the superintendent of insurance. Pursuant to that order and in conformity with the provisions of the state statute, the superintendent of insurance has been engaged in the liquidation of the company. Claims against the company have been filed and adjudications are being made in respect to them.

The superintendent of insurance, as liquidator of the Guarantee Company, opposes the petition on the grounds (1) that as an insurance company the Guarantee Company is not amenable to the provisions of section 77B of the Bankruptcy Act and this court has no jurisdiction over the company for purposes of reorganization; (2) that since the company has been dissolved, a voluntary petition under section 77B cannot be filed.

Section 77B, subd. (a), 11 U.S.C.A. § 207(a) provides:

"Any corporation which could become a bankrupt under section 4 of this Act [section 22 of this title], and any railroad or other transportation corporation, except a railroad corporation authorized to file a petition or answer under the provisions of section 77 of this Act [section 205 of this chapter], and except as hereinafter provided, may file an original petition, or, before adjudication in an involuntary proceeding, an answer, or in any proceeding pending in bankruptcy, whether filed before or after this section becomes effective, provided the present operations of such corporation do not exclude it hereunder, and whether or not the corporation has been adjudicated a bankrupt, a petition stating

the requisite jurisdictional facts under this section." .

The corporations excepted by section 4, as amended (11 U.S.C.A. § 22), include municipal, insurance, and banking corporations.

Section 77B, subd. (a), further provides:

"Any corporation the majority of the capital stock of which having power to vote for the election of directors is owned, either directly or indirectly through an intervening medium, by any debtor, or substantially all of whose properties are operated by such debtor under lease or operating agreement, may file, with the court in which such debtor had filed its petition or answer, and in the same proceeding, a petition stating that it is insolvent or unable to meet its debts as they mature and that it desires to effect a plan of reorganization in connection with, or as a part of, the plan of reorganization of such other debtor; and thereupon such court, if it approves such petition, shall have the same jurisdiction with respect to such corporation, its property, and its creditors and stockholders as the court has with respect to such other debtor."

It is the contention of the debtor that since insurance companies are expressly excluded from filing original petitions for reorganization under section 77B, the absence of a similar phrase of exclusion and the use of the all-inclusive words "any corporation" in the provision pertaining to the reorganization of subsidiaries indicates a Congressional intention to include all types of corporations, even those excluded by section 4 of the Bankruptcy Act, as amended (11 U.S.C.A. § 22), within the provision dealing with subsidiary corporations.

There can be little doubt that had the language, upon which the debtor rests, been found dissociated from all other, it might well bear the construction which the debtor seeks to place upon it. Words, however, cannot be construed independently of the context in which they appear and the policies intended to be expressed therein.

Congress has seen fit to exclude from the operation of the Bankruptcy Act certain types of corporations which, because of their quasi public nature, were assumed to belong wholly under state supervision and control. It is not the function of the court to question this expression of policy. On the contrary, the court should, under

the Constitution and laws as they now stand, refrain from reaching out to assume jurisdiction in matters which are believed to properly belong within state domain. Suffice it to say that in the first sentence of section 77B, subd. (a), Congress has once more expressly affirmed its viewpoint in respect to the corporations subject to the Bankruptcy Law. Thus an insurance company may not file a petition for reorganization under the first provision of section 77B, subd. (a). In re Union Guarantee & Mortgage Co., 75 F.(2d) 984 (C.C.A.2d), cert. den. sub nom. Union Guarantee & Mortgage Co. v. Van Schaick, 296 U.S. 594, 56 S.Ct. 142, 80 L.Ed. 421. To urge that by the casual dropping of the qualifying words in subsequent sentences of the same subdivision, Congress intended so vital a change in fundamental policy, is to ascribe to Congress an uncertain and tortious method of legislating. The more rational explanation is, that having defined and qualified the words "any corporation" in the first sentence of the paragraph, the Legislature continued to use them in the same sense throughout the remainder of the paragraph.

The research of counsel and that of the court has revealed nothing in the Congressional Record of any assistance in ascertaining the intention of Congress in using the language in question. The only mention of the phrase which the court has been able to find is the following statement by Representative McKeown in respect to it in his explanation of H.R. 5009, a predecessor bill to H.R. 5884, which ultimately became section 77B:

"That is in order to cover all of the subsidiary companies who find themselves in the same shape, so that they may be treated in the reorganization plan." Hearings before the Committee on the Judiciary, House of Representatives, 73d Cong., 1st Sess.(1933) on H.R. 5009, at p. 189.

Since the words used by the Representative do little more than paraphrase the language of the statute and fail to raise the question now at issue, they cannot be said to be of any great value as an aid to interpretation. What is significant, however, is that no one present at the hearing raised any question concerning the provision. Had any one then present believed that the language used in the statute would make available to insurance and banking corporations the provisions of section 77B, it is extremely doubtful whether the discussion would have moved to the next point, as it did, without some question being raised on this sudden switch in Congressional policy. The only conclusion is that no change was intended or expected.

A consideration of another part of section 77B, subd. (a), 11 U.S.C.A. § 207(a), namely, that concerning creditors' petitions for reorganization, re-enforces the results reached herein. The language there used is as follows:

"Three or more creditors who have provable claims against any corporation which amount in the aggregate, in excess of the value of securities held by them, if any, to $1,000 or over may, * * * file * * * a petition under this section."

In the face of this language, equally broad as that involved in the clause concerning subsidiaries, the courts have consistently held that involuntary petitions for reorganization under section 77B may not be filed against insurance companies. In re Peoria Life Ins. Co., 75 F.(2d) 777 (C.C.A.7th), cert. den. sub nom. Matalone v. Peoria Life Ins. Co., 296 U.S. 594, 56 S.Ct. 110, 80 L.Ed. 421; In re National Surety Co., 7 F.Supp. 959 (D.C.N.D.N.Y.); In re New York Title & Mortgage Co., 9 F.Supp. 319 (D.C.N.D.N.Y.).

Contemporary legal literature offers further support for the decision here reached. See Weinstein, Corporations Amenable to Section 77B (1935) 83 U. of Pa.L.Rev. 853, 872; 1 Gerdes, Corporate Reorganizations (1936) § 59.

This conclusion makes unnecessary any consideration of the second point raised by the superintendent of insurance.

Petition denied. Settle order on notice.