**Someone claiming to represent OIL & GAS COMPANY, Appellant,**

v.

**Harold T. DURYEE, Successor In Interest to George Fabe, as the State of Ohio Liquidator, Appellee.**

No. 91–56178.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 2, 1993.

Decided Oct. 21, 1993.

Don Rothman, Sulmeyer, Kupetz, Baumann & Rothman, Los Angeles, CA, for someone claiming to be Appellant, Oil & Gas Co.

Lee Fisher, Atty. Gen. of Ohio by Paul S. Hoffman and Todd W. Mathers, Manatt, Phelps, Phillips & Kantor, Los Angeles, CA, for Appellee, Harold T. Duryee, Successor-in-Interest to George Fabe as Liquidator of Oil & Gas Co.

Stephen W. Schwab, Gail M. Goering, and Bradley V. Ritter, Rudnick & Wolfe, Chicago, IL, for party-in-interest-appellee, Stephen F. Selke, Director of Ins. of the State of Ill., in his capacity as Conservator of Millers Nat. Ins. Co.

Ellen K. Dollase, Associate Counsel, Nat. Ass'n of Ins. Com'rs, Kansas City, MO, as Amicus Curiae.

National Conference of Ins. Guar. Funds, Thomas W. Jenkins, Rowe W. Snider, C. Guerry Collins, and Carla J. Bennett, Lord, Bissel & Brook, Los Angeles, CA, as amicus curiae.

Before: BROWNING, HUG and KOZINSKI, Circuit Judges.

KOZINSKI, Circuit Judge.

**A.** In Ohio, as in other states, when an insurance company gets into financial trouble, a state court may appoint a rehabilitator to run it and try to get it back on track. In May 1990, under increasing pressure from creditors, the Ohio Court of Common Pleas placed Oil & Gas Insurance Company into rehabilitation—with management's agreement—and appointed George Fabe as rehabilitator.

On August 30, 1990, the state court granted the rehabilitator's motion for liquidation of Oil & Gas and issued a temporary restraining order enjoining Clive Becker-Jones, the company's former president, from filing for bankruptcy on its behalf. Undaunted, Becker-Jones filed anyway.

The bankruptcy court dismissed the petition because "domestic insurance companies" are precluded from seeking bankruptcy relief. 11 U.S.C. § 109(b)(2). Don Rothman, an attorney purporting to represent Oil & Gas, filed an appeal in district court, contending Oil & Gas was free to file for bankruptcy because the liquidation order terminated the company's status as a domestic insurance company. Oil & Gas Brief at 13. The district court affirmed and Rothman filed a notice of appeal with us.

**B.** Our initial difficulty is figuring out who the appellant is. The briefs filed with us list Oil & Gas Company as the appellant, and George Fabe as one of the appellees. But the state court order appointing Fabe as Oil & Gas's rehabilitator said "[t]he Rehabilitator shall have all the powers of the directors, officers, and managers of Defendant, whose authorities are hereby suspended." Order Appointing Rehabilitator, ER 8, exh. 1.

■ The only person, then, who could go to court on behalf of Oil & Gas was Fabe. And he not only failed to authorize these actions; he opposed them. Therefore, when Becker–Jones purported to file the bankruptcy petition on behalf of Oil & Gas, he was an impostor; his action is null and void. The same is true of whoever appealed the dismissals of that petition in bankruptcy court and district court. We therefore remand to the district court for dismissal of the petition as fraudulently filed.

■ **C.** That the putative appellant never succeeded in properly bringing this case before us or the courts below doesn't get him/her/it/them off the hook on the question of sanctions. *See Trohimovich v. Commissioner,* 776 F.2d 873, 875 (9th Cir.1985); *Community Electric Serv. v. National Electrical Contractors Ass'n,* 869 F.2d 1235, 1245 (9th Cir.1989) (applying Rule 11); *Lyddon v. Geothermal Properties, Inc.,* 996 F.2d 212, 214 (9th Cir.1993) (same standards apply under Rule 11 and Rule 38).

The basis on which we dismiss the appeal is straightforward and fundamental. It should have been obvious to whoever appealed the dismissal of the bankruptcy petition and his/her/its/their lawyer. This was not an effort to break new ground with some sort of novel standing argument. Rather, our mysterious appellant tried to sweep the issue under the rug. Fabe raised the lack of authority issue in his motion for a temporary restraining order in Ohio state court, Tr. exh. 3 at 3, but there was no response. Fabe again raised the issue in his motions to dismiss the bankruptcy petition, Tr. exh. 8 at 24, and the appeal to the district court; still no response. Finally, the State of Illinois briefed the issue for this court, but the mys-

tery appellant did not file a reply brief, and when questioned at oral argument Mr. Rothman offered no legal basis for his client's authority to act on behalf of Oil & Gas.

■ The putative appellant's substantive arguments were also "wholly without merit." *Glanzman v. Uniroyal, Inc.,* 892 F.2d 58, 61 (9th Cir.1989). We agree with the district court, *In re Oil & Gas Ins. Co.,* 1992 WL 308033, 1991 U.S.Dist. LEXIS 20736 (C.D.Cal. July 31, 1991), and the bankruptcy court before it: Oil & Gas remains an insurance company, and remains ineligible for debtor status under 11 U.S.C. § 109(b)(2). Its articles of incorporation state that the corporation's purpose is to transact insurance, and it still has responsibilities under the many insurance policies it has issued. *See id.* 1992 WL 308033 at *3, 1991 U.S.Dist. LEXIS 20736 at *2–*3. The cases on which the putative appellant relies fail to support—in fact, are irrelevant to—his/her/its/their theory. The issue was laid to rest sixty years ago, *In re Union Guarantee & Mortgage Co.,* 75 F.2d 984, 985 (2d Cir.1935); *In re Peoria Life Ins. Co.,* 75 F.2d 777, 778 (7th Cir.1935); *In re National Surety Co.,* 7 F.Supp. 959, 961 (N.D.N.Y.1934), and there has been no published opinion on the subject since.

■ We therefore award sanctions of attorney's fees and double costs under Fed. R.App.P. 38 to the appellees. Because the putative appellant lacked the authority not only to file this appeal, but to file the bankruptcy petition in the first place, we remand for calculation of the expenses incurred by appellees both here and in the courts below. The attorney, Don Rothman, and his mysterious client shall be jointly and severally liable. *See, e.g., In re Becraft,* 885 F.2d 547, 550 (9th Cir.1989).

**AFFIRMED** and **REMANDED** for imposition of sanctions.