**SEMETEX CORPORATION and Eaton Corporation, Plaintiffs–Appellees,**

v.

**UBAF ARAB AMERICAN BANK, Defendant–Appellant.**

**No. 886, Docket 94–7717.**

United States Court of Appeals, Second Circuit.

Argued March 20, 1995.

Decided March 24, 1995.

Michael H. King, Chicago, IL (Kurt H. Feuer, Chicago, IL and Philip Goldstein, Ross & Hardies, New York City, on the brief), for plaintiffs-appellees.

Michael E. Norton, New York City (Stefan W. Engelhardt, King & Spalding, on the brief), for defendant-appellant.

Before OAKES, KEARSE and LEVAL, Circuit Judges.

PER CURIAM:

Defendant UBAF Arab American Bank ("UBAF") appeals from a judgment of the United States District Court for the Southern District of New York, Leonard B. Sand, Judge, granting plaintiffs Semetex Corp. and Eaton Corp. (collectively "Semetex") summary judgment on their claim for payment

under UBAF's confirmation of a letter of credit issued by an Iraqi bank. On appeal, UBAF contends principally that the district court erred because (1) Presidential Executive Orders and federal Iraqi Sanctions Regulations (collectively the "Freeze Orders") expressly prohibited the payment, and the United States Treasury Department's Office of Foreign Assets Control ("OFAC") had denied an application by Semetex for a license to complete the underlying commercial transaction ("transaction license"); and (2) Semetex had failed to deliver the underlying equipment to an Iraqi air carrier as required under the letter of credit, and had presented false shipping documents misrepresenting that the delivery had occurred. We affirm substantially for the reasons stated in Judge Sand's Opinion dated June 2, 1994, and reported at 853 F.Supp. 759.

■ The district court's conclusion that the Freeze Orders did not foreclose plaintiffs' recovery is supported by a license obtained by Semetex from OFAC permitting plaintiffs to bring suit ("litigation license"), along with OFAC's clarifying letter stating that the litigation license permits plaintiffs to enforce any resulting judgment against UBAF funds not blocked by the Freeze Orders. It is undisputed that Semetex seeks a judgment against UBAF to be satisfied out of UBAF's own assets that were not blocked by the Freeze Orders.

■ We reject UBAF's fraud defenses on the ground that they lack merit, for the reasons stated in the court's Opinion, and on the ground that UBAF waived the right to assert such defenses. A party to a letter of credit who knows the existence of his rights thereunder may voluntarily waive those rights by failing to assert them. *See, e.g., Alaska Textile Co., Inc. v. Chase Manhattan Bank, N.A.,* 982 F.2d 813, 820 (2d Cir.1992); *Voest–Alpine International Corp. v. Chase Manhattan Bank, N.A.,* 707 F.2d 680, 685 (2d Cir.1983). "The intention to relinquish a right may be established either as a matter of law or [as a matter of] fact." *Id.* Such an intention was shown here as a matter of law. Prior to the present litigation, UBAF joined Semetex in urging OFAC to grant a transaction license, which would have permitted Semetex to draw funds under the letter of credit and enabled the Iraqi purchaser to receive the underlying equipment (to which it already had received title). In a letter to OFAC dated May 7, 1991, UBAF confirmed that plaintiffs' "drawing request and ... documentation satisfy the terms of the Letter of Credit." Although between that date and August 7, 1991, UBAF may have raised questions with OFAC concerning the sufficiency of the drawing documents, in an August 19, 1991 letter UBAF expressly "confirm[ed]" and "reconfirm[ed]" to OFAC the position "that the drawing request satisfies the L/C." Since UBAF (a) had ample opportunity to examine the documents submitted with the drawing request before representing to OFAC that the documents were satisfactory, (b) has failed to point to any pertinent facts it acquired since making that representation, and (c) expressly confirmed the satisfactoriness of the drawing documents in its formal supplication to a federal regulatory entity, UBAF cannot now be heard to claim that the documents were in fact fraudulent.

We have considered all of UBAF's contentions on this appeal and have found them to be without merit. The judgment of the district court is affirmed.