60 F.3d 832
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 William T. BRADY; James Cardwell; Dar-Kel Corporation,
Plaintiffs-Appellees,
v.
Chester P. BROWN; Maria De Los Angeles Castelazo De Brown;
Lorna Brown De Mena, Defendants-Appellants.
 No. 94-56639.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 26, 1995.*
Decided June 30, 1995.
 
 Before: O'SCANNLAIN, LEAVY and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Chester P. Brown, pro se, and Maria De Los Angeles Castelazo De Brown and Lorna Brown De Mena, represented by attorney Darrell L. Johnson (collectively "the Browns"), appeal the district court's May 3, 1994 order requiring them to execute new powers of attorney and to send various letters regarding previous powers of attorney. "A district court's grant of permanent injunctive relief is reviewed for an abuse of discretion or application of erroneous legal principles." Dexter v. Kirschner, 984 F.2d 979, 982 (9th Cir. 1993). We have jurisdiction pursuant to 28 U.S.C. Sec. 1292(a)(1), and affirm.[1]
 
 
 3
 * Background
 
 
 4
 On March 26, 1993, the district court entered judgment against the Browns finding that they had defrauded William T. Brady, James Cardwell and Dar-Kel Corporation (collectively "appellees") in relation to a property transaction in Mexico. Pursuant to that judgment, the district court ordered the Browns to execute irrevocable powers of attorney to transfer the property to a constructive trust approved by the Mexican government. Subsequent to executing the powers of attorney in district court, the Browns mailed letters and "documents" to numerous parties attempting to "revoke" the powers of attorney because "[t]he documents were not executed voluntarily, but rather under threat of violence." Upon discovering the transmittal of the letters and "documents," the appellees requested that the district court issue an order to show cause why the Browns should not be held in contempt. On May 3, 1994, the district court ordered the Browns to revoke the first powers of attorney, send a second set of letters regarding the attempted revocation, and execute new irrevocable powers of attorney.
 
 II
 Jurisdiction
 
 5
 The Browns contend that the district court lacked jurisdiction to issue the May 3, 1994 order because orders issued after the district court rendered judgment form a new cause of action over which there is no federal jurisdiction. This contention lacks merit.
 
 
 6
 "A district court retains jurisdiction to enforce its judgments...." Hook v. State of Ariz. Dep't of Corrections, 972 F.2d 1012, 1014 (9th Cir. 1992).
 
 
 7
 Here, any question as to the lawfulness of the district court's judgment has been resolved by this court. See Brady v. Brown, 51 F.3d 13 (9th Cir. 1995) (affirming the underlying judgment). Because the district court was enforcing its lawfully rendered judgment, the district court had jurisdiction to issue the May 3, 1994 order. See Hook, 972 F.2d at 1014.
 
 III
 Other Contentions
 
 8
 The Browns also contend that the district court's order was improper because (1) it was an attempt to interfere with the Browns' efforts to challenge the legality of the judgment in Mexico, and (2) the district court could not order the Browns to revoke the first powers of attorney because they were "irrevocable." These contentions lack merit.
 
 
 9
 First, the district court, in its May 3, 1994 order, prohibited the Browns from further attempts to invalidate the second powers of attorney, "excepting only that [the Browns] may file an action in a competent court in Mexico to challenge the validity of the powers of attorney" (emphasis in the original).
 
 
 10
 Second, there is "'no question that courts have inherent power to enforce compliance with their lawful orders."' United States v. Yacoubian, 24 F.3d 1, 5 (9th Cir. 1994) (quoting Shillitani v. U.S., 384 U.S. 364, 370 (1966)). Because the Browns' actions so compromised the district court's first attempt to enforce its lawful order requiring them to turn over the fraudulently obtained property, they cannot now complain that the district court was forced again to attempt to enforce its order. See id. Moreover, the district court, in its judgment, explicitly "retain[ed] jurisdiction to fashion an alternative remedy" should its original order fail.
 
 IV
 Sanctions
 
 11
 The appellees request sanctions against both the Browns and attorney Darrell L. Johnson, including attorney's fees and costs pursuant to Fed. R. App. P. 38.[2] Fed. R. App. P. 38 provides for sanctions for frivolous appeals. "An appeal is frivolous if the result is obvious or the arguments of error are wholly without merit." Smith v. Ricks, 31 F.3d 1478, 1489 (9th Cir. 1994), cert. denied, 115 S. Ct. 1400 (1995).
 
 
 12
 Here, the Browns did not, and indeed could not, cite a single case to support their arguments. Because the result of this appeal is obvious and the arguments are wholly without merit, in our discretion, we award appellees attorney's fees in the amount of $1,500. Id.; Fed. R. App. P. 38. The Browns and attorney Darrell L. Johnson shall be jointly and severally liable. See Oil & Gas Co. v. Duryee, 9 F.3d 771, 773 (9th Cir. 1993). Furthermore, we admonish Johnson and the Browns that future frivolous filings will subject them to further monetary sanctions.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The Browns' notice of appeal, filed September 20, 1994, is timely. The Browns' filed a motion for reconsideration within ten days of the May 3, 1994 order, thus tolling the time for filing an appeal until the district court denied the Browns' motion on August 26, 1994. See United States v. Nutri-Cology, Inc., 982 F.2d 394, 397 (9th Cir. 1992)
 
 
 [2]
 An order notifying the Browns of the appellees' request for sanctions and giving then an opportunity to respond was filed on June 2, 1995 in accordance with Fed. R. App. P. 38