82 F.3d 422
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Clara HAMILTON, Plaintiff-Appellee,
v.
COUNTY OF LOS ANGELES, Kelly Enos, Paul McCready, David
Hogan Rosanna Taylor, Edward O'Neil, John Blenker,
Defendants-Appellees,
v.
Michael WEISS, Lee Maxie, Appellants.
 No. 95-55357.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 26, 1996.*
Decided April 1, 1996.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lee Maxie appeals the district court's striking of his Fed.R.Civ.P. 60(b) motion for reconsideration and imposition of sanctions pursuant to Fed.R.Civ.P. 11. We review a district court's standing determination de novo, see Ellis v. City of La Mesa, 990 F.2d 1518, 1523 (9th Cir.1993), cert. denied, 114 S.Ct. 2707 and 115 S.Ct. 311 (1994), and the imposition of sanctions for abuse of discretion, Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1365-66 (9th Cir.1990). We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.[1]
 
 
 3
 This court has previously held that Maxie lacked standing in this action. Hamilton v. City of Los Angeles, No. 94-55923 (9th Cir. Jan. 19, 1995) (unpublished memorandum disposition). Because "a Rule 60(b) Motion is maintainable only by a party (or his privy) to the original action," we affirm the district court's order striking Maxie's Rule 60(b) motion. See In re Lovitt, 757 F.2d 1035, 1040 (9th Cir.), cert. denied, 474 U.S. 849 (1985). In addition, because Maxie's Rule 60(b) motion was frivolous, the district court did not abuse its discretion by imposing Rule 11 sanctions. See Townsend, 929 F.2d at 1362 (holding that sanctions may be imposed if the pleading is filed for an improper purpose, or the pleading is frivolous).
 
 
 4
 Appellee Clara Hamilton requests sanctions on appeal against both Maxie and attorney Michael Weiss pursuant to Fed.R.App.P. 38.[2] Fed.R.App.P. 38 provides for sanctions for frivolous appeals. "An appeal is frivolous if the result is obvious or the arguments of error are wholly without merit." Smith v. Ricks, 31 F.3d 1478, 1489 (9th Cir.1994), cert. denied, 115 S.Ct. 1400 (1995). Because the result of this appeal is obvious and the arguments are wholly without merit, in our discretion, we award Clara Hamilton attorney's fees in the amount of $1,000. See id.; Fed.R.App.P. 38. Maxie and Weiss shall be jointly and severally liable. See Oil & Gas Co. v. Duryee, 9 F.3d 771, 773 (9th Cir.1993). Furthermore, we admonish Maxie and Weiss that future frivolous filings will subject them to further monetary sanctions.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Appellees' request for judicial notice is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We reject appellees contention that the district court lacked jurisdiction over Maxie's motion because it was filed while an appeal was pending in this court. Although "filing a notice of appeal usually divests the district court of jurisdiction over the matters appealed.... [t]he divestiture of district court jurisdiction does not rest on a statute.... [and] should not be employed to defeat its purposes nor to induce needless paper shuffling." Kern Oil & Refining Co. v. Tenneco Oil Co., 840 F.2d 730, 734 (9th Cir.), cert. denied, 488 U.S. 948 (1988) (citations and quotations omitted)
 
 
 [2]
 An order notifying Maxie and Weiss of Hamilton's request for sanctions and giving them an opportunity to respond was filed in accordance with Fed.R.App.P. 38