**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

IN RE SINO CLEAN ENERGY, INC.,
*Debtor.*

SINO CLEAN ENERGY, INC., acting by
and through BAOWEN REN, PENG
ZHOU, WENJIE ZHANG, ZHIXIN JING,
and PAUL CHUI; and HUIQIN CHEN,
LI HAN, GUANGJON HUANG,
XIAODONG JIANG, XUELING JING,
YUFENG LI, HAICHO LI, LANYING LI,
LIANG WANG, ZHEN WU, TING XTE,
HESHUN YANG, CHUNYUN ZHANG,
TIEKUAN ZHANG, personally and as
shareholders,
*Plaintiffs-Appellants*,

v.

ROBERT W. SEIDEN, in his capacity
as Receiver over Sino Clean Energy
Inc.,
*Defendant-Appellee.*

No. 17-15316

D.C. No.
2:15-cv-01781-
JAD

OPINION

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Argued and Submitted July 9, 2018
San Francisco, California

Filed August 27, 2018

Before:  Susan P. Graber and Richard C. Tallman, Circuit
Judges, and Ivan L.R. Lemelle,[*] Senior District Judge.

Opinion by Judge Lemelle

## SUMMARY[**]

### Bankruptcy

The panel affirmed the district court's affirmance of the bankruptcy court's dismissal of a Chapter 11 bankruptcy petition filed by former board members of a corporation.

The panel held that the former board members lacked corporate authority under Nevada law when they filed the bankruptcy petition because a receiver appointed by the Nevada state court already had removed them from the corporation's board of directors.  Accordingly, the former board members were not authorized to file the bankruptcy petition on behalf of the corporation.

---

[*] The Honorable Ivan L.R. Lemelle, Senior United States District Judge for the Eastern District of Louisiana, sitting by designation.

[**] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Matthew C. Zirzow (argued), Larson & Zirzow LLC, Las Vegas, Nevada, for Plaintiffs-Appellants.

Katherine R. Catanese (argued) and Douglas E. Spelfogel, Foley & Lardner LLP, New York, New York; Ryan J. Works, McDonald Carano LLP, Las Vegas, Nevada; for Defendant-Appellee.

**OPINION**

LEMELLE, Senior District Judge:

Former board members of Sino Clean Energy, Inc. (collectively, "Appellants"), appeal the district court's order affirming the bankruptcy court's dismissal of their Chapter 11 bankruptcy petition. The bankruptcy court dismissed the petition because it found that the petition lacked the requisite authority from the corporation's board of directors. The district court agreed, ruling that the individuals attempting to file the petition lacked authority where a receiver appointed by the Nevada state court already had removed them from the corporation's board of directors. We affirm. The bankruptcy court correctly dismissed the action because Appellants lacked corporate authority when they filed the rogue bankruptcy petition.

**BACKGROUND AND PROCEDURAL HISTORY**

Sino Clean Energy, Inc. ("SCEI"), is a Nevada holding company that, through various subsidiary entities, produces coal-water slurry in China. SCEI wholly owns Wiscon Holdings Limited which, in turn, owns 100% of the interests

in Tongchuan Suoke Clean Energy Company. Both subsidiaries are entities of the People's Republic of China.

Until the legal troubles described here, SCEI had been under control in major part by former chairman and CEO Baowen Ren. Starting in 2011, SCEI became the subject of much legal controversy. In May 2012, the Securities and Exchange Commission deregistered SCEI after it abruptly stopped filing certain required forms and financial information. In September 2012, SCEI was suspended from the NASDAQ stock exchange.

By October 2013, a group of forty-three shareholders had filed a Nevada state-court petition in an attempt to acquire financial information from SCEI, including books and records regarding the money invested with SCEI. The shareholders also sought certain declaratory relief under Nevada Revised Statute section 78.345. SCEI was properly served with the complaint, but SCEI opted not to offer any responsive pleadings in the Nevada state-court action. After more than a year of SCEI's disregard for the Nevada state-court action, the plaintiffs filed for entry of default, which the state court granted. A few months after an entry of default, on March 17, 2014, the shareholder plaintiffs filed a motion for the appointment of a receiver. The Nevada state court granted the motion on May 12, 2014.

The order appointing a receiver held that SCEI, through its board of directors (at that time), was liable for nonfeasance and gross mismanagement pursuant to Nevada Revised Statutes section 78.650. After finding that SCEI's board of directors "failed to properly manage SCEI's affairs," the state court appointed a receiver and granted him many powers, including the power to reconstitute SCEI's board of directors. The receiver eventually replaced the

SCEI board of directors, effective in December 2014, with current and sole director, Gregg Graison.

In July 2015, former chairman and CEO Ren purported to "reconstitute" the former SCEI board of directors, and thereafter attempted to file a voluntary petition for Chapter 11 bankruptcy on behalf of SCEI.  The bankruptcy court dismissed the action on August 26, 2015, holding that, at the time the petition was filed by Ren and the former board members, the petition "was filed without corporate authority" because SCEI's board of directors "had been replaced by the Receiver."  The district court affirmed.

## STANDARD OF REVIEW

We review de novo the district court's decision on an appeal from bankruptcy court. *Educ. Credit Mgmt. Corp. v. Coleman (In re Coleman)*, 560 F.3d 1000, 1003 (9th Cir. 2009). "We apply the same standard of review to the bankruptcy court decision as does the district court: findings of fact are reviewed under the clearly erroneous standard, and conclusions of law, de novo." *Id*. (internal quotation marks and brackets omitted).

## DISCUSSION

The Bankruptcy Code defines the term "petition" to mean a "petition filed under section 301, 302, 303 and 1504" of the Act. 11 U.S.C. § 101(42).  A voluntary petition for bankruptcy under § 301 is commenced by the filing of a bankruptcy petition by an entity that may be a debtor. *Id.* § 301. State law determines who has the authority to file a voluntary bankruptcy petition on behalf of a debtor. *Price v. Gurney*, 324 U.S. 100, 106–07 (1945); *see also Keenihan v. Heritage Press, Inc.*, 19 F.3d 1255, 1258 (8th Cir. 1994) ("A person filing a voluntary bankruptcy petition on a

corporation's behalf must be authorized to do so, and the authorization must derive from state law.").

The corporation involved here, SCEI, was formed under Nevada state law, which vests decision-making authority in a corporation's current board of directors. *See* Nev. Rev. Stat. § 78.315. In regard to actions taken by a Nevada corporation,

> [u]nless the articles of incorporation or the bylaws provide for a greater or lesser proportion, **a majority of the board of directors** of the corporation **then in office**, at a meeting duly assembled, is **necessary** to constitute a quorum **for the transaction of business**, **and the act of directors holding a majority of the voting power** of the directors, present at a meeting at which a quorum is present, is the act of the board of directors.

*Id*. § 78.315(1) (emphases added). The statute also provides that action may be taken with "written consent" that is "signed by all the members of the board," in lieu of a meeting. *Id*. § 78.315(2). Nevada state law includes the decision of its state courts. *Tenneco W., Inc. v. Marathon Oil Co*., 756 F.2d 769, 771 (9th Cir. 1985). Applying Nevada law to the facts in the record, the individuals who filed the bankruptcy petition were not members of the board of directors of SCEI at the time they filed the petition, and they were not authorized to file a bankruptcy petition on behalf of SCEI.

Our decision in *Oil & Gas Co. v. Duryee*, 9 F.3d 771 (9th Cir. 1993), is directly on point. In *Duryee*, an Ohio state court placed Oil & Gas Insurance Company into

rehabilitation and appointed a rehabilitator. *Id*. at 772. The bankruptcy court ultimately dismissed a petition pursuant to the Bankruptcy Code's preclusion of insurance companies' ability to seek bankruptcy relief. *Id*. Nevertheless, an "initial difficulty" for us was deciding **who** the appellant was. *Id*. at 773. We ruled that, pursuant to the rehabilitation order, the rehabilitator was the only person authorized to commence bankruptcy proceedings on behalf of Oil & Gas. *Id*. As a result, we held that the individual not authorized by the rehabilitation order who was purporting to file bankruptcy on behalf of the corporation was an "impostor," and the action was "null and void" as "fraudulently filed." *Id*. That same logic applies in this instance.

In asserting a contrary conclusion, Appellants rely heavily on *In Re Corporate & Leisure Event Prods., Inc.*, 351 B.R. 724 (Bankr. D. Ariz. 2006). To the extent that *Corporate & Leisure* contradicts our decision in *Duryee*, it is wrong. No matter the equitable considerations, state law dictates which persons may file a bankruptcy petition on behalf of a debtor corporation. We understand *Corporate & Leisure* as announcing the more limited holding that, where a state court purports to enjoin a corporation from filing bankruptcy altogether, federal law preempts that injunction. Here, however, SCEI was and is fully able to file for bankruptcy through valid filings made by its eligible board of directors. *Corporate & Leisure* is inapposite.

**AFFIRMED.**